OPINION
This appeal examines the application of Ohio's new felony sentencing procedures as implemented by the 121st General Assembly with the 1995 enactment of Am.Sub.S.B. No. 2 ("Senate Bill 2"), effective July 1, 1996.
On August 21, 1996, defendant-appellant, Derrick T. Rose, was indicted on two counts (Counts 1 and 2) of aggravated robbery, first-degree felonies, in violation of R.C. 2911.01(A)(1), with specifications charging appellant with having a firearm "on or about his person or under his control," in violation of R.C.2941.141. Appellant was also indicted on two counts (Counts 3 and 4) of abduction, third-degree felonies, contrary to R.C.2905.02(A)(2). All offenses occurred on or about July 27, 1996.
Appellant agreed to plead guilty to reduced charges of robbery, third-degree felonies, in violation of R.C. 2911.02(A)(3), on Counts 1 and 2. In exchange, the state agreed to dismiss Counts 3 and 4 and the firearm specifications for Counts 1 and 2. The trial court accepted the pleas, found appellant guilty, and sentenced appellant to consecutive five-year sentences, the maximum term permitted for each count under R.C. 2929.14(A)(3).
On appeal, appellant presents the following four assignments of error for review:
Assignment of Error No. 1:
 THE APPELLANT WAS UNCONSTITUTIONALLY DEPRIVED OF HIS FUNDAMENTAL INTEREST IN LIBERTY BASED UPON A PREDICTION THAT HE WILL COMMIT SOME NAMELESS AND UNCHARGED FUTURE CRIME.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED WHEN IT CONSIDERED THE APPELLANT'S CONDUCT TO BE "MORE SERIOUS" AND THEREBY SENTENCED HIM TO A PRISON TERM NOT CLEARLY AND CONVINCINGLY SUPPORTED BY THE RECORD.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT TO THE MAXIMUM ALLOWABLE PRISON TERM FOR BOTH FELONY THREE ROBBERIES.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE APPELLANT'S LIKELY FUTURE CONDUCT WAS SUFFICIENT TO WARRANT CONSECUTIVE SENTENCES.
In his first assignment of error, appellant claims he was denied due process of law when sentenced upon his likelihood to commit future crimes. Appellant argues that those provisions of Senate Bill 2 requiring consideration of a defendant's likelihood of recidivism permit a judge to increase or enhance a sentence based upon a speculative prediction that the accused is likely to commit unnamed and uncharged crimes in the future.[1]
The overriding purpose of a sentence imposed for felonies committed on or after July 1, 1996 is to punish the offender and protect the public from future crimes by the offender. R.C.2929.11(A). To achieve this purpose, the sentencing court must consider the need for incapacitation, deterrence, rehabilitation, and restitution. Id. The sentence must also be commensurate with, and not demeaning to, the seriousness of the offender's conduct and its impact on the victim and must be consistent with sentences imposed for similar crimes committed by similar offenders. Id.; R.C. 2929.11(B).
In determining the most effective way to comply with the sentencing purposes and principles of R.C. 2929.11, a court is required to consider and weigh the factors set forth in R.C.2929.12. These include the likelihood of recidivism, which involves the following considerations:
 (D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 (1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to Section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under postrelease control pursuant to Section 2967.28 or any other provision of the Revised Code for an earlier offense.
 (2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 (5) The offender shows no genuine remorse for the offense.
 (E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 (1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 (4) The offense was committed under circumstances not likely to recur.
 (5) The offender shows genuine remorse for the offense.
Appellant claims that it is a denial of due process to permit the trial court to enhance punishment based upon a finding that the accused is likely to commit future crimes without first affording the individual a separate hearing in which there is the opportunity to exercise such fundamental rights as the confrontation of adverse witnesses and the presentation of evidence on one's behalf.
Appellant cites Specht v. Patterson (1967), 386 U.S. 605,87 S.Ct. 1209, in support of his position. Under the Colorado scheme at issue in Specht, conviction of a sexual offense otherwise carrying a maximum ten year prison term exposed the defendant to a life term under the Colorado Sex Offenders Act when the sentencing judge made a post-trial finding that the defendant posed "a threat of bodily harm to members of the public, or is an habitual offender and mentally ill." Id. at 607,87 S.Ct. at 1211. This finding could be made without notice or any "hearing in the normal sense," based solely on a presentence psychiatric report. Id. at 608, 87 S.Ct. at 1211. The Supreme Court held that the Colorado scheme failed to satisfy the requirements of due process, and that the accused had a right to be present with counsel, to be heard, to be confronted with and to cross-examine the witnesses against him, and to offer his own evidence.
In the case at bar, appellant claims he was denied these specific due process rights when the trial court made a speculative prediction that appellant would commit unnamed and uncharged future crimes.
Unlike Specht, there was no "second proceeding" in the case at bar. Appellant's conviction was not used to initiate a separate action wherein the court made new and distinct factual findings based upon additional evidence. The court examined appellant's past criminal history and record, his response to past attempts of rehabilitation, and the circumstances under which the robberies were committed to determine whether recidivism was more or less likely to occur and relied on that determination to impose a sentence within the available range. The defendant in Specht was not sentenced to a life term until the court made a separate factual finding that he posed a threat of bodily harm to the public or was an habitual offender and mentally ill.
Predictions of future of misconduct are "performed countless times each day throughout the American system of criminal justice." Jurek v. Texas (1976), 428 U.S. 262, 274-75,96 S.Ct. 2950, 2957-58 (allowing states to adopt "future dangerousness" factor for the imposition of capital punishment). Prior to the adoption of Senate Bill 2, predictions of future misconduct played a major role in other areas of felony sentencing. See former R.C. 2929.01(A) (defining repeat offender as one who may commit another offense); R.C. 2929.01(B) (defining dangerous offender as one who may be a danger to others); former R.C.2951.04(C) (disqualifying an offender from conditional probation due to risk of becoming a dangerous offender). See, also, State v. O'Shannon (1988), 44 Ohio App.3d 197 (upholding repeat offender status on the basis of future misconduct predictions).
We conclude that the statutory procedure of R.C. 2929.12(D) and (E) for determining whether an individual is more or less likely to be a recidivist does not constitute a "separate proceeding" similar to that in Specht and does not deny the accused due process of law. See, also, State v. Abner (1974),43 Ohio App.2d 141, 146-47, (processes which were part of sentencing alternatives following a plea did not violate the due process requirements as outlined in Specht). The first assignment of error is accordingly overruled.
In his second assignment of error, appellant argues that the court erred in finding that appellant committed an offense that was "more serious" than the conduct normally constituting the offense.
To determine whether a defendant's conduct is more serious than conduct normally constituting the offense, the sentencing court examines the seriousness factors set forth in R.C. 2929.12. R.C. 2929.12 provides, in part, for the following:
 (B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 (3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense and is likely to influence the future conduct of others.
 (6) The offender's relationship with the victim facilitated the offense.
 (7) The offender committed the offense for hire or as part of an organized criminal activity.
 (8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 (C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
(1) The victim induced or facilitated the offense.
 (2) In committing the offense, the offender acted under strong provocation.
 (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
Appellant's position is that absent evidence that he caused physical harm to the victims, there is no clear and convincing evidence that he committed the "more serious" form of robbery. In addition, appellant argues that the trial court erroneously considered the use of a firearm in the commission of the offense because the firearm specification had been dismissed pursuant to the plea agreement between appellant and the state.
Appellant has a statutory right to appeal his sentence since the maximum allowable prison term was imposed. R.C.2953.08(A)(1). The record for appeal includes any presentence investigative reports, the trial court record, and any oral or written statements made to or by the court at the sentencing hearing. R.C. 2953.08(F)(1)-(3).
In reviewing appellant's sentence, we are guided by R.C.2953.08(G) which provides, in part, that:
 (1) The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
(a) That the record does not support the sentence;
* * *
(d) That the sentence is otherwise contrary to law.
An appellate court may not disturb a sentence imposed under R.C. 2953.08(G)(1)(a) or (d) unless it finds by clear and convincing evidence that either the record does not support the sentence or that the sentence is otherwise contrary to law. Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. It is an intermediate standard of proof, being more than a preponderance of the evidence and less than evidence beyond a reasonable doubt. See State v. Ingram (1992), 82 Ohio App.3d 341; State v. Danby (1983),11 Ohio App.3d 38.
We are directed to the trial court's finding that appellant committed no physical harm to the victims. See R.C.2929.12(C)(3). However, the trial court also found that the victims suffered psychological harm. R.C. 2929.12(B)(2). Appellant would suggest that these two factors cancel out each other and that the resulting position mandates less than a maximum sentence. However, simply because there are an equal number of factors indicating "more serious" and "less serious" conduct does not mean that they cancel each other out. Here, the factors at issue are not even opposites — physical harm and psychological harm are both factors that indicate that an offense is "more serious." R.C. 2929.12(B)(2).
While the psychological harm to the victims may have been the only specifically enumerated statutory factor regarding the "more serious" nature of the offense, the court also noted that a weapon was used. Appellant claims the court cannot consider this particular factor since the firearm specification was dismissed. We disagree.
R.C. 2929.12(B) states that the court may consider "any other relevant factors" in assessing the seriousness of the offense. The record reveals that appellant's companion used a firearm during the robberies. Such is certainly relevant in determining whether a particular crime is more serious than conduct normally constituting the offense. The use of a firearm by one of the perpetrators significantly increases the likelihood that the victims could be subjected to serious injury or death and is relevant in determining the seriousness of the offense. Thus, the trial court did not err in considering that a firearm was used in the commission of the offenses despite the dismissal of the firearm specification against appellant.
It has long been the law in Ohio that a trial court has considerable discretion in imposing a sentence within the statutory limits. State v. Bruce (1994), 95 Ohio App.3d 169; State v. Rankin (1992), 82 Ohio App.3d 276. Under R.C.2929.12(A), the trial court "has discretion to determine" the most effective way to comply with the purposes and principles of R.C. 2929.11 and is to review the seriousness and recidivism factors of R.C. 2929.12 when exercising that discretion.
We conclude that it is within the sentencing court's discretion to determine whether an offense is more serious within the context of R.C. 2929.12. Each offense and sentence must be reviewed and examined on a case by case basis within the context of the purposes and principles enunciated in R.C. 2929.11. Based upon the record before us, we find that the evidence is such that the trier of fact would firmly believe that appellant's crime was more serious than conduct normally associated with the offense. Furthermore, the court did not abuse its discretion in finding that appellant's conduct was more serious. For these reasons, the second assignment of error is hereby overruled.
The third assignment of error claims the trial court erred in sentencing appellant to the maximum term for each robbery conviction.
Absent the mandatory imposition of a prison term, a judge may impose an optional prison term pursuant to R.C. 2929.14(A).[2]
For a third-degree felony, the trial court could impose a definite sentence of one, two, three, four, or five years. R.C.2929.14(A)(3). If the sentencing court elects to impose a prison term upon an offender who has not previously served a prison term, the court shall impose the shortest authorized term unless such would demean the seriousness of the offense or does not adequately protect the public. R.C. 2929.14(B).[3]
Under R.C. 2929.14(C), the court "may impose the longest prison term * * * only upon offenders who committed the worst forms of the offense [or] upon offenders who pose the greatest likelihood of committing future crimes * * *." If a court imposes the maximum term or imposes consecutive terms, it must "make a finding and give its reasons" for the imposition of maximum or consecutive terms. R.C. 2929.19(B)(2)(c)-(e).
Appellant argues there is no clear and convincing evidence to show that he committed the "worst" form of the offense or that he exhibits the "greatest" likelihood of committing future crimes.
Appellant had an extensive juvenile record, having had eleven contacts with the juvenile justice system over a little less than a three-year period. Appellant also had a lengthy criminal record although he had never served time in prison. Appellant continued to commit additional crimes while on probation and was on probation when he committed the robberies for which he was sentenced in the case sub judice. He also failed to respond to drug treatment efforts and other attempts at rehabilitation.
The sentencing entry does not mention that appellant either committed the worst form of the offense or that he posed the greatest likelihood of committing future crimes. The trial court did, however, state at the sentencing hearing that "under2929.14(C) * * * [appellant] poses the greatest likelihood of recidivism." While the better practice would be for the trial court to actually use the "magic words" of R.C. 2929.14(C) — that the accused committed the "worst form of the offense" or poses the "greatest likelihood" of committing future crimes — in its sentencing entry, the court may nevertheless make an oral finding to that effect and such a finding that maximum terms are warranted will not be reversed on appeal where there is clear and convincing evidence in the record to support the trial court's finding. See R.C. 2929.19(A)(2); R.C. 2453.08(F)(3).
Based upon the foregoing, we conclude that there is clear and convincing evidence to support the trial court's statement that appellant posed the greatest likelihood of committing future crimes. Accordingly, the trial court correctly imposed the maximum sentence permitted under R.C. 2929.14(A)(3).[4] The third assignment of error is overruled.
Appellant's fourth assignment of error claims the trial court erred in sentencing appellant to consecutive terms.
The framework for the imposition of consecutive sentences is outlined in R.C. 2929.14(E)(3) which provides for the following:
 If multiple prison terms are imposed upon an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Appellant argues the trial court erroneously found that consecutive sentences were warranted in the case at bar. The court specifically noted that consecutive sentences were necessary to "protect the public and punish [appellant]." The court further observed that the consecutive sentences were "not disproportionate to the seriousness of the conduct by [appellant] and the danger [appellant] poses to the public." The court went on to state that appellant's actions were "escalating," that appellant committed the offenses while on probation, R.C.2929.14(E)(3)(a), and that appellant's history of criminal conduct necessitated consecutive sentences to protect the public from future crimes by appellant. R.C. 2929.14(E)(3)(c).
Given appellant's past juvenile and criminal record and his failure to respond to probation and other alternative sanctions and controls, the trial court did not abuse its discretion by imposing consecutive sentences under R.C. 2929.14(E)(3). Accordingly, the fourth assignment of error is hereby overruled.
Having found no merit to appellant's arguments, the trial court's sentencing order is hereby affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] The state's response is that appellant failed to raise this constitutional issue at the trial court level and should now be precluded from presenting it on appeal. See State v. Awan (1986),22 Ohio St.3d 120. However, the waiver doctrine in Awan is discretionary, and a reviewing court may consider a constitutional issue for the first time on appeal where the rights and interests involved may warrant it. In re M.D. (1988),38 Ohio St.3d 149. Given that the question is a matter of first impression in this court, and that it involves our initial examination of recently enacted legislation, we elect to address the constitutional question raised herein. Our decision in this case should not, however, be relied upon as authority to accept all constitutional challenges raised for the first time on appeal. This court reserves the right under Awan to reject constitutional objections not initially raised at the trial court level.
[2] A mandatory prison term was not required for appellant's convictions. See R.C. 2929.13(F).
[3] In this case, the trial court found that the shortest term would not protect the public and would demean the seriousness of appellant's conduct.
[4] Appellant also argues there is a lack of clear and convincing evidence to show he committed the "worst" form of the offense since it is conceivable that a robbery could be committed which is worse than the robberies committed by appellant. This argument is problematic because a subsequent crime always has the potential to be worse than any previously committed offense. Under such circumstances, a trial court would be precluded from ever finding the "worst form" of the offenses and imposing a maximum term on the outside chance that an "even worse" form of the offense could be committed at a later time. Our position is to defer to the trial court's discretion so long as there is clear and convincing evidence to support the sentence under R.C.2953.08(G)(1).