The STATE of Ohio, Appellee,

v.

BUSH, Appellant.

[Cite as *State v. Bush* (1992), 83 Ohio App.3d 717.]

Court of Appeals of Ohio,
Clermont County.

No. CA92–07–076.

Decided Nov. 23, 1992.

*Donald W. White,* Clermont County Prosecuting Attorney, and *David Henry Hoffmann,* Assistant Prosecuting Attorney, for appellee.

*R. Daniel Hannon,* Clermont County Public Defender, and *W. Stephen Haynes,* Assistant Public Defender, for appellant.

JONES, Presiding Judge.

Defendant-appellant, Christopher Bush, pleaded guilty to two counts of sexual battery, third degree felonies, in violation of R.C. 2907.03(A)(1). The trial court sentenced appellant to consecutive terms of two years' imprisonment on each charge. The court suspended all but six months of each sentence and ordered appellant to serve one year in the county jail, after which appellant would be placed on probation for five years. The court also ordered appellant to reimburse the victims' families for counseling costs as a condition of probation. As his sole assignment of error, appellant claims the trial court erred in ordering him to pay counseling costs as restitution.

■ Appellant argues that the restitution order violates R.C. 2929.11(E), which provides that " * * * the court * * * may require a person who * * * pleads guilty to a felony to make restitution for all or part of the *property damage* that is caused by his offense * * *." (Emphasis added.) Several courts have held that this section of the Revised Code prohibits restitution for items such as medical bills. See *State v. Theuring* (1988), 46 Ohio App.3d 152, 546 N.E.2d 436; *Eastlake v. Kosec* (1985), 29 Ohio App.3d 259, 29 OBR 322, 504 N.E.2d 1180. However, restitution for medical expenses may be ordered as part of the terms of probation. *State v. Pittman* (1990), 61 Ohio App.3d 425, 572 N.E.2d 841.

Appellant also cites *State v. Wohlgemuth* (1990), 66 Ohio App.3d 195, 583 N.E.2d 1076, in support of his position. However, the restitution order in *Wohlgemuth* was not a condition of probation, but was enforceable even in the event the defendant's probation was revoked. As the Cuyahoga County Court of Appeals observed, the defendant " * * * was ordered to pay restitution and must do so whether he serves the modified sentence or original sentence upon revocation of probation for any violation." *Id.* at 198, 583 N.E.2d at 1078.

■ In the case at bar, appellant was ordered to pay restitution for counseling fees as a condition of his probation. See *State v. Anderson* (Jan. 27, 1992), Fayette App. No. CA91–02–003, unreported, at 6, 1992 WL 12614. Appellant was not ordered to pay costs in the event he violated his probation. Thus, the case at bar is distinguishable from *Wohlgemuth* and other cases that prohibit the payment of medical expenses as restitution. See *Theuring* (trial court had no authority to order payment of victim's funeral bills when there is no indication the defendant was placed on probation), and *Kosec* (trial court had no authority to order payment of restitution when defendant pleaded guilty to a minor misdemeanor for which the maximum sentence was a $100 fine).

We accordingly conclude that the trial court did not err in ordering appellant to pay counseling costs as a condition of probation.

Appellant raises the additional argument that the court should not order restitution without first conducting a hearing to determine the amount of the victims' counseling costs and appellant's ability to pay those costs. We find this argument to be premature inasmuch as appellant will not be required to make payment until such time as he has completed his one-year sentence and begins his probation. Until then, a hearing on the amount of restitution and appellant's ability to pay the same would be inappropriate.

Appellant's assignment of error is hereby overruled.

*Judgment affirmed.*

KOEHLER and WALSH, JJ., concur.