The STATE of Ohio, Appellee,

v.

BRUCE, Appellant.

[Cite as *State v. Bruce* (1994), 95 Ohio App.3d 169.]

Court of Appeals of Ohio,
Butler County.

No. CA94–01–007.

Decided May 31, 1994.

*John F. Holcomb*, Butler County Prosecuting Attorney, and *Robert N. Piper III*, Assistant Prosecuting Attorney, for appellee.

*Mary Lou Kusel*, for appellant.

---

*Per Curiam.*

Defendant-appellant, Frank Bruce, Jr., appeals convictions in the Butler County Court of Common Pleas for aggravated vehicular assault, driving under suspension, and failure to show proof of financial responsibility.

On November 10, 1993, the Butler County Grand Jury returned a five-count indictment against appellant as a result of an accident in which appellant lost control of his vehicle, crossed the center line of the road, and collided head-on with a vehicle occupied by David and Marie Hill. The indictment charged appellant with (1) aggravated vehicular assault pursuant to R.C. 2903.08(A) with a specification pursuant to R.C. 2941.143 that he caused physical harm to David and Marie Hill; (2) driving under the influence of alcohol pursuant to R.C. 4511.19(A)(2); (3) driving under suspension pursuant to R.C. 4507.02(B); (4) failure to show proof of financial responsibility pursuant to R.C. 4509.101(A)(1); and (5) failure to control pursuant to R.C. 4511.202.

Under the terms of a plea agreement, appellant pleaded guilty to aggravated vehicular assault and the specification, driving under suspension, and failure to show proof of financial responsibility. The failure to control charge was merged with the aggravated vehicular assault charge, and the driving under the influence of alcohol charge was dismissed by the prosecution.

On January 6, 1994, appellant appeared for sentencing. Neither of the victims was present at the hearing. The trial court sentenced appellant to a one-year definite term of imprisonment and a $1,000 fine on the aggravated vehicular assault charge, a concurrent term of six months' imprisonment and a $1,000 fine on the driving under suspension charge, and a $100 fine on the failure to show proof of financial responsibility charge. The court also ordered appellant to pay restitution of $43,000 to the victims.

The following day, the court held another hearing. The trial judge stated that the victims had taken the day off work to attend the sentencing hearing only to find that it had occurred the day before. He also stated that he had overlooked the specification of physical harm on the aggravated vehicular assault charge and had therefore imposed an incorrect sentence. After hearing Marie Hill's statement, the court, over appellant's objection, sentenced him to an indefinite term of three to five years' imprisonment on the aggravated vehicular assault charge.

The rest of the sentence remained the same. The modified sentence was journalized in an entry dated January 11, 1994. This appeal followed.

Appellant presents two assignments of error for review. In his first assignment of error, appellant states that the trial court erred in sentencing him to a minimum term of three years. Appellant argues that the trial court, in correcting the incorrect sentence, should not have increased the penalty by imposing a minimum term of three years when it had originally sentenced him to serve one year and when it provided no rationale for the increased penalty. We find this assignment of error is not well taken.

A trial court may sentence a defendant to the indefinite term of incarceration provided for in R.C. 2929.11(B)(7) when the defendant has been convicted of a fourth degree felony which caused physical harm to any person, when the indictment that initiated the criminal proceeding contains the specification contained in R.C. 2941.143, and when the defendant was convicted of that specification. *State v. Witwer* (1992), 64 Ohio St.3d 421, 596 N.E.2d 451, syllabus. R.C. 2929.11(B)(7) provides that "the minimum term shall be eighteen months, two years, thirty months, or three years, and the maximum term shall be five years." However, if there is no specification, the trial court shall impose a definite sentence of six months, one year, or eighteen months for a fourth degree felony. R.C. 2929.11(D)(2); *Witwer, supra*, at 426, 596 N.E.2d at 455.

Appellant does not contend that the trial court could not correct the sentence. See Crim.R. 36; *State v. Bell* (Jan. 31, 1994), Butler App. No. CA93–07–143, unreported, 1994 WL 29877. After all, the sentence had not yet been executed or entered upon the court's journal. See *Bowling Green v. Luda* (1992), 81 Ohio App.3d 799, 801, 612 N.E.2d 402, 403; *Columbus v. Messer* (1982), 7 Ohio App.3d 266, 268, 7 OBR 347, 348, 455 N.E.2d 519, 521; *State v. Harris* (1981), 2 Ohio App.3d 48, 49, 2 OBR 54, 55, 440 N.E.2d 572, 573. Appellant argues that when the trial court sentenced him to a definite sentence in the mistaken belief that there was no specification, it did not sentence him to serve the maximum term. However, the following day the court sentenced him to the maximum indefinite term solely because the victims were present. Appellant claims that the indefinite sentence should have been as close as possible to the original sentence, since the court had all relevant information available to it at the time of the original sentencing.

Sentencing is within the discretion of the trial court. A sentence will generally not be disturbed upon review where it is within the confines of a valid statute. *Columbus v. Jones* (1987), 39 Ohio App.3d 87, 88, 529 N.E.2d 947, 948. R.C. 2929.12 sets forth the factors the trial court should consider when pronouncing sentence for a felony. These statutory criteria must be used as a guide in exercising sentencing discretion; failure to consider them is an abuse of discre-

tion. *Id.* at 88–89, 529 N.E.2d 947, 948–950; *Cincinnati v. Clardy* (1978), 57 Ohio App.2d 153, 155–156, 11 O.O.3d 137, 138–139, 385 N.E.2d 1342, 1343–1344. When the sentence imposed is within the statutory limit, a reviewing court will presume that the trial judge considered the factors set forth in R.C. 2929.12 unless there is a showing to the contrary. *State v. Adams* (1988), 37 Ohio St.3d 295, 297–298, 525 N.E.2d 1361, 1362–1363; *Jones, supra*, 39 Ohio App.3d at 89, 529 N.E.2d at 949.

R.C. 2929.12(B)(3) states that a trial court can consider that a victim of an offense has suffered severe psychological, physical, or economic injury as the result of the offense in determining whether to impose a longer indefinite term of imprisonment for a felony. When the trial court imposed the original sentence, it did not have the benefit of any statement by the victims. However, at the second sentencing, Marie Hill testified about the severe injuries she suffered and medical treatment she received due to the accident.

The trial court cannot vacate a previous sentence and impose a more severe punishment for vindictive or improper reasons. *Messer, supra*, 7 Ohio App.3d at 268, 7 OBR at 348, 455 N.E.2d at 521, citing *North Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. However, a more severe sentence can be imposed where circumstances justify that action. *Messer, op. cit.* See, also, *Alabama v. Smith* (1989), 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865. The record does not show that the trial court imposed a more severe sentence for vindictive or improper reasons; instead, it did so after considering the harm to the victims, a proper statutory factor. The sentence imposed by the trial court is within the confines of R.C. 2929.11(B)(7), and we cannot conclude that its decision is so arbitrary, unreasonable, or unconscionable as to connote an abuse of discretion. See *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 172, 404 N.E.2d 144, 148. Accordingly, appellant's first assignment of error is overruled.

In his second assignment of error, appellant states that the trial court erred in ordering him to pay restitution of $43,000. Appellant argues that trial court did not have authority to order him to pay restitution for medical bills when that order was not a condition of probation. We find this assignment of error to be well taken.

R.C. 2929.11(E) provides that the trial court may require a person convicted of a felony to "make restitution for all or part of the property damage that is caused by his offense * * *." The term "property damage" does not include medical bills, and a trial court is without authority to require a defendant to pay restitution for a victim's medical expenses, except as a condition of probation. *State v. Bush* (1992), 83 Ohio App.3d 717, 718, 615 N.E.2d 709, 710;

*State v. Theuring* (1988), 46 Ohio App.3d 152, 156–157, 546 N.E.2d 436, 439–440; *State v. Anderson* (Jan. 27, 1992), Fayette App. No. CA91–02–003, unreported, at 6, 1992 WL 12614.

In the present case, appellant was not placed on probation, yet the trial court required him to pay $43,000 restitution to the victims. This amount was not itemized in any way; there was only a general statement that the victims suffered damages of $43,000. The record seems to indicate that this amount represents medical bills. However, we cannot tell if any part represents property damage to the victims' car. Accordingly, we sustain appellant's second assignment of error and remand the issue to the trial court to determine which part of the restitution order is for property damage and to vacate any part of the order that is for medical bills.

Additionally, this court has discovered an error in sentencing which was not raised by appellant. Since a sentence not authorized by statute is void, *State v. Thomas* (1992), 80 Ohio App.3d 452, 458, 609 N.E.2d 601, 605, we raise the issue *sua sponte*. The trial court treated appellant's violation of R.C. 4509.101(A)(1), failure to provide proof of financial responsibility, as a minor misdemeanor and fined him $100. However, R.C. 4509.101 is a civil statute which expressly provides for the civil penalty of suspending the violator's driver's license. *State v. Stambaugh* (1987), 34 Ohio St.3d 34, 36, 517 N.E.2d 526, 528; *State v. Williams* (1993), 85 Ohio App.3d 542, 545, 620 N.E.2d 171, 173. The statute does not authorize a fine of $100. Therefore, the fine is void and, pursuant to App.R. 12(B), we vacate that part of the sentence.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed in part, reversed in part, and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

WALSH, P.J., KOEHLER and WILLIAM W. YOUNG, JJ., concur.