The STATE of Ohio, Appellee,

v.

**SHENEFIELD, Appellant.**

[Cite as *State v. Shenefield* (1997), 122 Ohio App.3d 475.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APA11–1453.

Decided Aug. 28, 1997.

476

---

*Ronald J. O'Brien,* Franklin County Prosecuting Attorney, and *Susan E. Day,* Assistant Prosecuting Attorney, for appellee.

*David K. Greer,* for appellant.

PETREE, Judge.

Defendant, John M. Shenefield, appeals from a judgment of the Franklin County Court of Common Pleas overruling his motion to terminate a prior order of restitution. Defendant sets forth the following assignments of error:

"I. The trial court lacked authority to order appellant to pay $197,784.80 to Thomas Fletcher as a condition of probation.

"II. The trial court lacked subject matter jurisdiction to order appellant to pay $197,784.80 to Thomas Fletcher for his medical expenses, as these expenses are the subject of a pending civil suit in another forum.

"III. The trial court violated appellant's rights under the Double Jeopardy Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution by modifying the terms of his probation to order that he pay Thomas Fletcher $197,784.80 as a further condition of probation, more than 19 months after a final judgment entry had been filed and after the sentence had been executed."

On February 1, 1995, defendant pled guilty to two counts of aggravated vehicular assault in violation of R.C. 2903.08. On March 10, 1995, defendant was sentenced by the trial court to two consecutive eighteen-month prison terms. Defendant's prison sentence was suspended for five years and defendant was placed on probation with several conditions, including the payment of "restitution to Thomas Fletcher in an amount to be determined by the probation department." The trial court issued a judgment entry on March 13, 1995.

Thereafter, defendant began making restitution payments to Thomas Fletcher through the probation department in the sum of $200 per month. Fletcher ultimately received a total of $1,800 from defendant. On April 12, 1996, Fletcher and his wife, Chlois, filed a civil action against defendant in the Franklin County Court of Common Pleas seeking damages, including Fletcher's medical expenses allegedly incurred as a direct result of defendant's negligence.

Defendant subsequently moved the court to terminate restitution in his criminal case. In a written decision dated September 6, 1996, the trial court denied defendant's motion and set the matter for an evidentiary hearing to determine the specific amount of restitution. Following the evidentiary hearing, the trial court issued a judgment entry ordering defendant to pay restitution to Thomas Fletcher in the sum of $197,784.80. Defendant appeals to this court from the judgment of the Franklin County Court of Common Pleas.

As a preliminary matter, we note that the prosecution has moved this court to supplement the record by adding the transcript of the original plea hearing held on March 10, 1995. Defendant has opposed the motion. Inasmuch

as the trial court's sentencing entry of March 13, 1995 clearly sets forth defendant's sentence and the terms of defendant's probation, a review of the transcript of the plea hearing is unnecessary for the resolution of this appeal. Accordingly, the prosecution's motion is denied.

In defendant's first assignment of error, defendant contends that the trial court has no statutory authority to order restitution for the victim's medical expenses. R.C. 2929.11(E) provides: "The court * * * may require a person who is convicted of or pleads guilty to a felony to make restitution for all or part of the property damage that is caused by his offense * * *."

Ohio courts interpreting R.C. 2929.11(E) have unanimously held that a sentencing court's authority to order restitution is strictly limited to the property of the victim. See, *e.g.*, *State v. Overholt* (1991), 77 Ohio App.3d 111, 601 N.E.2d 116 (restitution does not include psychiatric expenses for treating the victim); *State v. Fitzpatrick* (1991), 76 Ohio App.3d 149, 601 N.E.2d 160 (a sentencing court lacks authority to order defendant to pay a portion of the state's investigation costs); and *State v. Wohlgemuth* (1990), 66 Ohio App.3d 195, 583 N.E.2d 1076 (the trial court may not impose an order of restitution for the victim's medical bills as part of defendant's sentence).

Given the foregoing case law, it is clear that the trial court had no authority to impose a sentence that included restitution for the victim's medical expenses. The prosecution maintains, however, that the trial court ordered restitution for the victim's medical expenses not as an element of his sentence, but solely as a condition of defendant's probation. We agree.

The trial court's sentencing entry of March 13, 1995 is clear. The trial court suspended defendant's prison sentence and placed him on probation for five years with certain conditions, including the payment of restitution. The court's sentencing entry leaves no doubt that restitution is a condition of defendant's probation and not part of his criminal sentence. Thus, this case is distinguishable from *Wohlgemuth, supra,* wherein the court imposed a restitution order that was to remain in effect even if the defendant's probation was subsequently revoked. *Id.,* 66 Ohio App.3d at 199, 583 N.E.2d at 1078–1079.

Defendant argues, alternatively, that even if the restitution order in this case be deemed a condition of probation, the trial court has no statutory authority to make such an order. We disagree.

In *State v. Bush* (1992), 83 Ohio App.3d 717, 615 N.E.2d 709, the issue for the Clermont County Court of Appeals was whether the trial court had authority to order a defendant who was convicted of sexual assault to pay for the victim's psychological counselling as a condition of his probation. The court of appeals held that the restitution order was valid. *Id.* at 718, 615 N.E.2d at 710. In so

holding, the court acknowledged the long line of cases holding that the sentencing court may not order restitution of the victim's medical expenses as a part of a defendant's sentence, but the court distinguished those cases on the basis that the instant order of restitution was clearly a condition of defendant's probation, not his sentence. *Id.*

The rule of law set forth in *Bush* appears to be a settled rule of law for the Twelfth Appellate District. Indeed, in *State v. Bruce* (1994), 95 Ohio App.3d 169, 642 N.E.2d 12, a case involving aggravated vehicular assault, the court of appeals determined that the trial court was authorized by R.C. 2951.02 to order restitution for the victim's medical expenses as a condition of the defendant's probation. *Id.* at 173, 642 N.E.2d at 14–15.

Several other appellate districts have adopted the position taken by the Twelfth Appellate District, including the Fifth Appellate District in *State v. Pittman* (1990), 61 Ohio App.3d 425, 572 N.E.2d 841; the Sixth Appellate District in *State v. Swan* (1988), 51 Ohio App.3d 141, 554 N.E.2d 1374; the Eighth Appellate District in *State v. DeJohn* (June 6, 1996), Cuyahoga App. No. 69297, unreported, 1996 WL 303809, and *State v. Henry* (Feb. 13, 1992), Cuyahoga App. No. 59837, unreported, 1992 WL 25291; and the First Appellate District in *State v. Lowe* (Jan. 31, 1989), Hamilton App. No. C–880146, unreported, 1989 WL 6142 (misdemeanor case).[1]

Our research has uncovered no case law from this court addressing the question whether the court may impose an order of restitution for the victim's medical expenses as a condition of probation. Consequently, this is a case of first impression in this court.

In *Henry, supra,* the Cuyahoga County Court of Appeals set forth the reasoning behind the rule of law permitting a sentencing court to order restitution for medical bills as part of the offender's probation:

"It is clear that the legislature contemplated a defendant making restitution in cases where injury resulted. R.C. 2951.02(B)(9). Although R.C. 2951.02(C) specifically contemplates restitution for property damage, it does not limit a judge from imposing other requirements on defendant once he is placed on probation. We therefore reiterate the holding * * * that restitution for medical expenses may be ordered as a part of the terms of probation."

---

1. A contrary view has been expressed by the Fourth Appellate District in *State v. Morrison* (Dec. 19, 1991), Gallia App. No. 90CA26, unreported, 1991 WL 286093; the Eleventh Appellate District in *State v. Savchuk* (Sept. 15, 1995), Lake App. No. 93–L–187, unreported; and the Seventh Appellate District in *State v. Dominiak* (Sept. 29, 1995), Mahoning App. No. 93 C.A. 262, unreported, 1995 WL 574216.

We agree with the Cuyahoga County Court of Appeals and the other appellate courts holding that a sentencing court may impose an order of restitution for the victim's medical expenses as a condition of probation. The legislature has not expressly proscribed such a condition or otherwise limited the discretion of the trial court in a manner that would indicate that such restitution orders are not authorized. Indeed, R.C. 2951.02(B) provides:

"(B) The following do not control the court's discretion, but shall be considered in favor of placing an offender on probation * * *.

"* * *

"(9) The offender has made or will make restitution or reparation to the victim of his offense for the *injury, damage, or loss sustained.*" (Emphasis added.)

R.C. 2951.02 further provides:

"(C) * * * In the interests of doing justice, rehabilitating the offender, and ensuring his good behavior, the court may impose additional requirements on the offender, *including, but not limited to,* requiring the offender to make restitution for all or part of the property damage that is caused by his offense * * *." (Emphasis added.)

Had the General Assembly intended to prohibit sentencing courts from ordering certain types of restitution in shaping the terms of the offender's probation, it would have used language clearly evidencing that intent. Although we agree with defendant that a civil action may present the ideal forum in which to determine the existence and amount of certain damages flowing from an offender's criminal activity, we believe that the common pleas court, in shaping the terms of an offender's probation, is quite capable of determining whether a victim has incurred medical expenses as a result of the offender's criminal conduct and the amount of those medical expenses.

Of course, the trial court's discretion to order restitution as a condition of probation is not unlimited. It is clear that this court retains the power to reverse an order of restitution on appeal where that order represents an abuse of discretion. In this case, the trial court sentenced defendant to two consecutive eighteen-month terms of imprisonment, but suspended defendant's jail sentence and placed him on probation. One of the terms of probation was that defendant was to pay Fletcher's medical expenses as restitution for his crime. In an evidentiary hearing, the trial court heard the testimony of defendant's probation officer, who stated that the victim had incurred medical expenses in the sum of $197,784.80. Defendant did not dispute this amount, and the court ordered restitution accordingly. In this case, we perceive no abuse of discretion. Defendant's first assignment of error is overruled.

■ In defendant's second assignment of error, defendant argues that the subsequent filing of the civil suit against defendant by the Fletchers divested the criminal court of jurisdiction to order restitution for Fletcher's medical expenses. Defendant, however, has cited no authority in support of this argument.

■ Once the jurisdiction of the common pleas court has been properly invoked by a valid indictment, such jurisdiction is lost only by a proper judicial termination of the case. *Click v. Eckle* (1962), 174 Ohio St. 88, 89, 186 N.E.2d 731. Indeed, sentencing irregularities will not divest the trial court of jurisdiction. *Johnson v. Sacks* (1962), 173 Ohio St. 452, 454, 20 O.O.2d 76, 76–77, 184 N.E.2d 96, 97. In this instance, the trial court's original sentencing entry did not set forth a specific sum in restitution. The trial court maintained jurisdiction to correct this omission, irrespective of the subsequent civil complaint. Moreover, the possibility that a civil judgment may be rendered for the same element of damages for which defendant has been previously ordered to pay restitution is an issue which may be raised by defendant in the civil action. The court, in disposing of the civil suit, will presumably rule on any issues of setoff raised by the parties. Accordingly, defendant's second assignment of error is overruled.

■ In defendant's third assignment of error, defendant argues that the trial court's judgment entry setting forth the specific amount of restitution violated his right against multiple punishments for the same offense. We disagree.

At defendant's initial sentencing hearing, defendant was sentenced, as follows:

"The Court has considered the criteria for probation pursuant to section 2951.02 of the Ohio Revised Code and ORDERS that the execution of the confinement portion of the sentence, to wit: **One and one-half (1 1/2) Year Determinate Sentence on each count in the OHIO DEPARTMENT OF REHABILITATION and CORRECTIONS;** said sentences shall run consecutive with each other. These sentences shall be suspended and the Defendant be placed on probation in charge of James Wichtman, Chief Probation Officer. The suspension is to be continued from this date, **March 10, 1995** for a period of five years upon the following terms and conditions, to wit: Defendant shall serve **Nine (9) Months at the FRANKLIN COUNTY CORRECTIONAL CENTER with authorized work release effective March 19, 1995 at 8:00 a.m.;** submit to drug/alcohol testing and treatment/including random urine screens; pay restitution to Thomas Fletcher in an amount to be determined by the Probation Department * * *."

Later, in connection with defendant's motion to terminate restitution, the trial court issued a second judgment entry "clarifying" the terms of probation. The court explained the need to conduct an evidentiary hearing on defendant's motion as follows:

"The other oversight on the court's part was it really never set an amount. It left it up to the probation officer to make a determination as to the amount of the restitution, and again, that, as Mr. Greer pointed out, that was inappropriate to delegate that responsibility. It is the responsibility of the court to set the amount and to advise the defendant as to what that amount is."

In *State v. Fair* (June 13, 1990), Summit App. No. 14343, unreported, 1990 WL 80544, the case relied on by defendant, the trial court's original sentencing entry set forth a definite sum in restitution. However, five months later, the court imposed an additional sum in restitution. The court of appeals held that the imposition of a greater sentence violated the constitutional and statutory bar to multiple punishments for the same offense. According to the court of appeals, the imposition of a greater sentence violated defendant's expectation of finality.

This court recently reached a similar conclusion in *State v. Cockerham* (1997), 118 Ohio App.3d 767, 694 N.E.2d 95. In that case, the trial court imposed an order of restitution for the victim's property loss in the amount of $95. Later, the prosecutor moved the court to increase the amount of the restitution order based on the victim's representations that her property losses were much greater. The trial court granted the motion and ordered the probation department to determine the victim's true financial loss. On appeal, we held that the court had no authority to amend the original sentence to increase the amount of restitution.

This case is distinguishable from both *Fair* and *Cockerham, supra.* In each of those cases, the trial court set forth a sum certain in restitution and then later, after execution of the original sentence had begun, increased the amount of restitution. Here, the trial court's original sentencing entry did not set forth a definite amount of restitution. Consequently, defendant herein could not hold the same expectation of finality as the defendants in *Fair* and *Cockerham, supra.* Indeed, the record supports the trial court's characterization of its own proceedings as simply a means of clarifying the terms of probation. Defendant's third assignment of error is overruled.

Having overruled each of defendant's assignments of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DESHLER and CLOSE, JJ., concur.