OPINION
On July 29, 1997, defendant-appellant, Nick A. Stevens, was indicted on one count of robbery in violation of R.C. 2911.02(A)(2), a second degree felony, and two counts of aggravated robbery in violation of R.C. 2911.01(1)(3), first degree felonies. Appellant was also indicted on two counts of felonious assault, one count of assault and one count of theft.
The offenses stemmed from an attack by a gang, the Deuce Hoover 187 West Side Crips, on two minors, Timothy Taylor (age 13) and Aaron Jeffery (age 14), on July 19, 1997. Taylor and Jeffery were on their way to the store. The gang members, including appellant, called them over to a playground area. After the gang members confronted them, Taylor and Jeffery continued walking to the store. Juan Bennett, the leader of the gang, turned to appellant and challenged him, saying "You're a punk." Appellant and another gang member then called Taylor and Jeffery back. They asked Taylor and Jeffery "what have you got on my 40?," a movie line spoken just before a robbery. The rest of the gang approached and surrounded Taylor and Jeffery. The leader of the gang called for a "beat down." Jeffery was then hit, and appellant hit Taylor. Taylor was knocked unconscious. Appellant then went to an apartment; later appellant and a co-defendant returned to where Taylor was lying unconscious, removed Taylor's shoes, and also stole $2.
Testimony taken during the trials of other co-defendants reveals that the attackers kicked Taylor in the head. Taylor suffered serious head trauma and nearly died as a result of the attack. Taylor sustained a brain injury which has had permanent effects and his doctors believe it may cause more complications in the future. Taylor has required constant adult supervision and undergoes regular counseling with a psychologist. His personality has changed and he no longer shows emotions except when he becomes upset and violent.
Appellant agreed to plead guilty to Count 1, robbery of Jeffery, and Count 2, aggravated robbery of Taylor. In exchange, the state agreed to dismiss the remaining charges. At the plea hearing on December 16, 1997, the trial court heard victim impact testimony and testimony from appellant, his family, and friends. The trial court accepted the pleas, found appellant guilty, and sentenced appellant to four years of incarceration on Count 1 and eight years of incarceration on Count 2. The court ordered that the sentences be served consecutively. The trial court also ordered appellant to pay restitution to Taylor's mother.
On appeal, appellant presents three assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING ANY FINANCIAL SANCTIONS ON MR. STEVENS.
Assignment of Error No. 2:
 THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING EIGHT AND FOUR YEAR TERMS OF INCARCERATION ON MR. STEVENS.
Assignment of Error No. 3:
 THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING CONSECUTIVE SENTENCES FOR THE OFFENSES.
Appellant raises two issues in his first assignment of error. First, appellant argues that the trial court erred by ordering a community control sanction of restitution without ordering a presentence investigation report (PSI).
R.C. 2929.13(A) provides that unless a specific sanction is required or precluded, "a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14
to 2929.18 of the Revised Code." (Emphasis added). See, also, State v. Hinrichsen, (Oct. 10, 1997), Greene App. No. 97CA24, unreported (restitution may be combined with incarceration). Financial sanctions are "community control sanctions." See R.C.2929.01. Financial sanctions which may be imposed pursuant to R.C. 2929.18(A)(1) include "restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss."
R.C. 2929.15(A)(1) provides:
 [I]n sentencing an offender for a felony * * * the court may directly impose a sentence that consists of one or more community control sanctions.
R.C. 2951.03(A)(1) provides:
 No person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction until a written presentence investigation report has been considered by the court.
Restitution, a financial sanction, is a community control sanction. No PSI was prepared. However, Crim.R. 32.2 only requires a PSI before granting probation. See, also, R.C. 2947.06
(court on its own motion may request probation office or officer to conduct presentence investigation). Nonetheless, because a community control sanction was imposed in addition to incarceration, preparation and consideration of a PSI was required under R.C. 2951.03. Therefore, the requirement of a presentence investigation report prior to imposition of a financial sanction (R.C. 2951.03) appears to conflict with the court's authority to elect not to order a PSI report when it does not grant probation (Crim.R. 32.2).[1]
In this case, appellant is to be initially incarcerated, and will be under the control of the Department of Rehabilitation and Correction, not probation authorities. A PSI was therefore arguably unnecessary because R.C. 2951.03(A)(2) provides that "[i]f a defendant is committed to any institution and a presentence investigation report is not prepared regarding that defendant * * *, the director of the department of rehabilitation and correction may order that an offender background investigation and report be conducted and prepared * * *. Furthermore, after serving the incarceration portion of his sentence, appellant will be subject to the authority of the Adult Parole Authority for a period of postrelease control pursuant to R.C. 2967.28. Under Ohio Adm. Code 5120:1-1-41, the parole board is authorized to impose any sanction listed in R.C. 2929.16,2929.17, 2929.18, including monetary restitution. Therefore, we find that the trial court's failure to order a PSI was harmless under the circumstances.
Second, appellant challenges the restitution order by arguing that the trial court did not consider his ability to pay. R.C.2929.19(B)(6) states that "before imposing a financial sanction, the court shall consider the offender's ability to pay." We note that although the trial court must consider the offender's ability to pay, it need not hold a separate hearing on that issue. R.C. 2929.18(E) provides that a trial court "may hold a hearing if necessary to determine whether the offender is able to pay the sanction or is likely in the future to be able to pay it." (Emphasis added.) The standard of review for the determination of ability to pay is abuse of discretion. State v. Horton (1993), 85 Ohio App.3d 268; State v. Brewer (Jan. 28, 1998), Auglaize App. No. 2-97-20, unreported.
In this case, the trial court heard testimony that appellant had dropped out of high school during his senior year and was unemployed and living with friends at the time of his arrest. The trial court accordingly had information available to determine appellant's current ability to pay, including his education and work history. The record does not indicate whether the court actually considered these factors, but as appellant is to be initially incarcerated, we find no abuse of discretion. Appellant's ability to pay will only be relevant after the incarceration portion of his sentence has been served. At that time, if appellant is unable to pay and thereby violates post-release control, his ability to pay will become important. The United States Supreme Court has held that in revocation proceedings for failure to pay restitution or fines, a sentencing court must inquire into the reasons for the failure to pay. Bearden v. Georgia (1983), 461 U.S. 660, 103 S.Ct. 2064 (cited by State v. Coleman (Feb. 5, 1998), Franklin Co. App. No 97APA06-832, unreported). See, also, State v. Bush (1992),83 Ohio App.3d 717 (hearing on ability to pay inappropriate until after incarceration portion of sentence is completed and probation begins).
As a final consideration, we note that R.C. 2929.18(A)(1) provides that at sentencing, "the court shall determine the amount of restitution to be made by the offender." (Emphasis added.) Here, the trial court simply ordered restitution paid to Timothy Taylor's mother "in an amount to be determined." This does not comply with the statute's directives. It is necessary that the trial court determine the amount of restitution and order that specific amount.
Therefore, appellant's first assignment of error is well-taken in part, and this cause is remanded for the trial court to make findings concerning the amount of restitution ordered pursuant to R.C. 2929.18(A). In all other respects, the first assignment of error is overruled.
In his second assignment of error, appellant argues that the trial court erred in sentencing him to terms of four years for robbery and eight years for aggravated robbery. He argues that statutory factors militate against such sentences.
Appellant was not subject to a mandatory prison term. For felonies that do not require mandatory prison terms, a sentencing court has discretion to determine the most effective way to comply with the purposes and principles of sentencing. R.C.2929.12(A). If the offender has not previously served a prison term the court shall impose the shortest term "unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B).
Although appellant had not previously served a prison term, the trial court made the required finding that the shortest prison term would demean the seriousness of appellant's conduct. In making this determination, the court relied on the undisputed fact that Taylor, the victim of the aggravated robbery, had received very serious and possibly permanent injuries. Clear and convincing evidence supported the decision to impose more than the minimum sentence for this offense. No separate finding was provided for the robbery count. However, the victim of that offense was also a minor. The trial court found during the sentencing hearing that "[i]t more than likely will affect Aaron [Jeffery] for the rest of his life, having to go through and see what Tim [Taylor] suffered." The imposition of more than the minimum for the robbery offense was also supported by clear and convincing evidence.
Appellant further argues that the court was required to explain its reasons for imposing the maximum sentence allowed. Appellant did not receive the maximum term on either of his offenses. However, R.C. 2929.19(B)(2)(e) requires the trial court to make a finding giving its reasons for selecting a sentence, inter alia, "[i]f the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree." Appellant was sentenced for two offenses (one first degree felony and one second degree felony) arising out of the attack. The maximum prison term for a felony of the first degree is ten years. R.C. 2929.14(A)(1). The court imposed a prison term for the two offenses totalling twelve years.
As will be discussed more fully in the third assignment of error, the court stated its reasons for requiring that the sentences be served consecutively. The court specifically found that the injuries to the victim were serious and likely to leave him permanently impaired. Clear and convincing evidence supported these findings. We hold that these findings also satisfy the court's obligation under R.C. 2929.19(B)(2)(e). See State v. McGee (Mar. 12, 1998), Cuyahoga App. No. 72148, unreported (R.C.2929.19[B] satisfied when court points to specific facts in record). Therefore, appellant's second assignment of error is overruled.
In his third assignment of error, appellant argues that the trial court erred in imposing consecutive, rather than concurrent sentences. Under R.C. 2929.14(E)(3), the court may impose consecutive terms if the court makes specific findings. The court must conclude (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, and (2) that consecutive sentences are not disproportionate to the defendant's conduct and the danger posed to the public. Id. The trial court made specific findings regarding the seriousness of Timothy Taylor's injuries which support its determination that consecutive sentences were necessary to punish appellant and were not disproportionate to his conduct.
Additionally, the trial court was required to find that one of the following circumstances apply:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing * * *
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct;
 (c) The offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.14(E)(3).
Sections (a) and (c) are inapplicable. However, the trial court specifically found in its entry of judgment that the harm caused by appellant was "so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the defendant's conduct." As discussed above, the record supported the trial court's determination of serious physical harm to [Taylor] the victim of the aggravated robbery. Moreover, both of the victims were minors who had done absolutely nothing to provoke a vicious attack by a group of gang members.
An appellate court may not disturb a sentence unless it finds by clear and convincing evidence that either the record does not support the sentence or that the sentence is otherwise contrary to law. State v. Rose (Sept. 15, 1997), Clermont App. No. CA96-11-106, unreported. Upon thorough consideration of the proceedings in the trial court and the law, we find that the record supports appellant's consecutive sentences. We find further that the trial court complied with the requirements of R.C. 2929.11 through 2929.14 when it imposed sentence. Accordingly, appellant's third assignment of error is not well-taken.
Judgment affirmed in part, and reversed in part and remanded with instructions to determine the appropriate amount of restititution pursuant to R.C. 2929.18(A).
YOUNG, P.J., and KOEHLER, J., concur.
[1] A similar conflict is evidenced by R.C. 2929.15(A)(2)(a) which requires that offenders sentenced to any community control sanction be placed under the supervision of the probation authorities.