[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-appellant, Richard H. Nyberg, appeals the sentences imposed upon him by the Fayette County Court of Common Pleas on two felony charges pursuant to Ohio's felony sentencing law, Am.Sub.S.B. No. 2 ("Senate Bill 2").
Appellant was indicted on November 21, 1997, on two counts of endangering children, felonies of the second degree, in violation of R.C. 2919.22(B)(2), and on two counts of felonious assault, felonies of the second degree, in violation of R.C. 2903.11. The charges stemmed from two separate incidents in appellant's home on May 7 and September 30, 1997. On both occasions, appellant caused serious physical harm to his infant son. On February 17, 1998, appellant pled guilty to the two charges of endangering children. In exchange for his plea, the state of Ohio agreed to dismiss the two charges of felonious assault. By judgment entry filed March 3, 1998, the trial court accepted appellant's plea and sentenced him to two consecutive five-year terms of imprisonment.
Appellant did not appeal his conviction within thirty days of the trial court's judgment entry. Rather, on November 2, 1998, eight months after he was sentenced, appellant filed a pro se
motion for leave to appeal, using a standard "fill in the blanks" motion form. Appellant justified his failure to timely appeal by claiming "My lawyer told me that I could not Appeal [sic]. I have just discovered that I could appeal from legal research[.]" The state opposed appellant's motion and offered the affidavit of appellant's trial counsel who claimed he discussed the right to appeal with appellant but advised appellant that because of the guilty plea, he did not feel an appeal would be effective. By entry dated December 16, 1998, this court granted appellant's motion for leave to appeal.
On appeal, appellant raises the following two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT COMMITTED ERROR BY SENTENCING THE APPELLANT TO CONSECUTIVE SENTENCES WHEN THE FACTUAL FINDINGS REQUIRED BY REVISED CODE SECTION 2929.14(E)(4), ARE NOT SUPPORTED BY THE RECORD[.]
Assignment of Error No. 2:
 THE COURT COMMITTED ERROR BY SENTENCING THE APPELLANT TO A PRISON TERM THAT IS NOT THE SHORTEST TERM FOR THE OFFENSE, WHEN IT FAILED TO MAKE THE FACTUAL FINDINGS REQUIRED BY REVISED CODE SECTION 2929.14(B)[.]
Before we address appellant's assignments of error, we need to determine whether appellant's appeal is properly before us. The state argues that because appellant failed to follow the applicable statutory and appellate procedure rules for appealing his sentences, this court does not have jurisdiction to review appellant's sentences, and thus this appeal should be dismissed.
It is undisputed that appellant failed to file a notice of appeal within the thirty days required by App.R. 4. Such failure does not, however, forfeit altogether his right to appeal as appellant may still appeal by leave of the court of appeals to which the appeal is taken, pursuant to App.R. 5.
In his first assignment of error, appellant challenges the trial court's imposition of consecutive sentences. Specifically, appellant argues that the trial court imposed consecutive sentences without making the necessary findings in violation of R.C. 2929.14(E) and that the sentences exceed, in the aggregate, the longest term for the most serious offense.
A defendant who is convicted of or pleads guilty to a felony may seek leave to appeal his sentence "on the basis that the sentencing judge has imposed consecutive sentences under [R.C.2929.14(E)(3) or (4)] and that the consecutive sentences exceed the maximum prison term allowed * * * for the most serious offense of which the defendant was convicted." R.C. 2953.08(C). When a defendant seeks leave to appeal consecutive sentences under R.C.2953.08(C), the motion for leave to appeal must be filed in the court of appeals within thirty days from the entry and judgment sought to be appealed and must set forth the reason why the consecutive sentences exceed the maximum prison term allowed. App.R. 5(C)(1).
It appears at first blush that this court does not have jurisdiction to address appellant's first assignment of error. While appellant's argument that the consecutive sentences exceed in the aggregate the longest term allowable squarely falls under R.C. 2953.08(C), appellant's motion for leave to appeal his consecutive sentences does not satisfy App.R. 5(C)(1) because it was not filed within thirty days of the trial court's March 3, 1998 judgment entry, and makes no allegation as to why the consecutive sentences were improper. Appellant's argument that the trial court failed to make the necessary findings when it imposed consecutive sentences does not fall under R.C. 2953.08(C).
However, although a defendant must seek leave to appeal under R.C. 2953.08(C), leave to appeal is not necessary when a defendant as an appeal as a matter of right under R.C. 2953.08(A).[1]
R.C. 2953.08(A)(4) provides an appeal of right when the sentence is "contrary to law." When a defendant claims that a trial court failed to make the necessary findings before imposing consecutive sentences, the sentences imposed are arguably contrary to law, and the defendant has an appeal as a matter of right under R.C.2953.08. State v. Crowder (5th Dist. Dec. 7, 1998), No. 98-CA-87, 1998 Ohio App. LEXIS 6527, at *2; see, also, State v. Stone (1st Dist. Feb. 26, 1999), No. C-980382, 1999 Ohio App. LEXIS 597, at *4-5. The defendant can then appeal his consecutive sentences pursuant to App.R. 5(C)(2), which grants a defendant the right to incorporate an assignment of error concerning consecutive sentences into his appellate brief if other issues are raised in a notice of appeal. See State v. Brewer (3rd Dist. Jan. 28, 1998), No. 2-97-20, 1998 Ohio App. LEXIS 660, at *3. In light of all of the foregoing, we find that we have jurisdiction to address appellant's first assignment of error.
We now consider whether this court has jurisdiction to address appellant's second assignment of error. The second assignment of error argues that the court erred by not imposing the shortest term of incarceration when it failed to make the necessary findings under R.C. 2929.14(B). This assignment of error raises a question as to whether appellant's sentence was contrary to law, thereby allowing him to appeal as a matter of right on this particular issue under R.C. 2953.08(A)(4).
The state argues that App.R. 5 only applies to leave to appeal consecutive sentences under R.C. 2953.08(C). The state contends that because App.R. 5 does not specifically refer to R.C.2953.08(A), when it otherwise clearly refers to R.C. 2953.08(C) (see App.R. 5[C][1]), appellant cannot obtain leave to appeal under R.C. 2963.08(A). We disagree. App.R. 5(A) provides that when a defendant fails to file a notice of appeal as of right in criminal cases within the thirty days required by App.R. 4, the defendant may still appeal by leave of the court of appeals. In such case, "[a] motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right." App.R. 5(A). Unlike under App.R. 5(C)(1), no time limit is specified for bringing a delayed appeal under App.R. 5(A).
We find that App.R. 5(A) clearly provides for leave to appeal in situations involving appeals "as of right." We further find that appellant's motion for leave to appeal satisfies App.R. 5(A) as it was properly filed with this court and sets forth the reason for appellant's failure to perfect an appeal as of right, to wit: appellant thought he could not appeal his sentences. In light of all of the foregoing, we find that we have jurisdiction to address appellant's second assignment of error. Appellant's appeal is thus properly before us.
We now turn to the merits of this appeal. An appellate court may not disturb a sentence imposed under Senate Bill 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C.2953.08(G)(1). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The sentence imposed upon the offender should be consistent with the overriding purposes of felony sentencing, that is, "to protect the public from future crime by the offender" and "to punish the offender." R.C. 2929.11(A).
A sentencing court has wide discretion in determining the most effective way to comply with the purposes and principles of Senate Bill 2. "A reviewing court will not interfere with a sentence unless the trial court has abused its discretion." Statev. Yontz (1986), 33 Ohio App.3d 342, 343. Generally, a trial court does not abuse its discretion when imposing a sentence within the statutory guidelines. State v. Smith (Oct. 13, 1997), Butler App. No. CA97-03-068, unreported, at 4, citing to State v.Bruce (1994), 95 Ohio App.3d 169.
In his first assignment of error, appellant argues that the trial court failed to make the necessary findings before it sentenced appellant to consecutive sentences in violation of R.C.2929.14(E)(4). Based upon this argument, appellant contends that he should have been sentenced to concurrent, not consecutive terms of imprisonment.
As a general rule, "[s]o long as the trial court makes the necessary findings, the decision to impose consecutive sentences is a matter committed to the trial court's sentencing discretion."State v. Haines (10th Dist. Oct. 29, 1998), No. 98AP-195, 1998 Ohio App. LEXIS 5332, at *12. Pursuant to R.C. 2929.14(E)(4), if multiple prison terms are imposed on an offender for convictions of multiple offenses, the trial court may impose consecutive terms if the court makes specific findings. First, the trial court must find that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." R.C. 2929.14(E)(4). Second, the trial court must also find that one of the additional factors listed in R.C.2929.14(E)(4)(a) through (c) is also present, to wit:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing * * *.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
This court's review of the trial court's March 3, 1998 judgment entry reveals that the trial court did make such findings. The trial court found that "consecutive sentences [were] necessary to protect the public from future crime[.]" The trial court also found that consecutive sentences were "not disproportionate to the seriousness of [appellant's] conduct and the danger [appellant] pose[d] to the public. Thus, the initial requirement of R.C. 2929.14(E)4) was satisfied. Additionally, the trial court found that "no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of [appellant's] conduct." Thus, R.C. 2929.14(E)(4)(b) was applicable and the trial court made the findings necessary to impose consecutive sentences.
We are mindful that in finding R.C. 2929.14(E)(4)(b) to be applicable, the trial court did not specifically find that "[t]heharm caused by the multiple offenses was so great or unusual that no single prison term * * * adequately reflect[ed] the seriousness of [appellant's] conduct." R.C. 2929.14(E)(4)(b). (Emphasis added.) However, during the sentencing hearing, the trial judge stated on the record that "[t]his case involves injuries to a child * * * less than one year old. A number of bruises were found on his back on front and back of his body. Twenty it says here. A cigarette burn on his chest. I don't believe concurrent sentencing is appropriate because of those the serious nature of these injuries."
"A trial court is not required to recite the `talismanic' language of the statute. * * * Nonetheless, a trial court's imposition of consecutive sentences must be supported by findings that refer to statutory sentencing factors." State v. Harper (9th Dist. Feb. 24, 1999), No. 18916, 1999 Ohio App. LEXIS 720, at *3. We find that the trial court's foregoing language, combined with the trial court's finding that "no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of [appellant's] conduct," satisfies the requirements of R.C. 2929.14(E)(4)(b) and supports the trial court's decision to impose consecutive sentences.
We are mindful of appellant's argument that the trial court failed to make the necessary statutory findings to support consecutive sentences because the court did not make such findings during the sentencing hearing on the record. However, R.C.2929.14(E)(4) does not require that such findings be made during the sentencing hearing before a trial court may impose concurrent sentences. R.C. 2929.14(E)(4) simply requires the trial court to make specific findings before it imposes concurrent sentences. A review of the record shows that the trial court made the necessary findings in its judgment entry. We are thus satisfied that the trial court complied with R.C. 2929.14(E)(4) when it made its findings in its judgment entry. See State v. Kehoe (May 17, 1999), Clinton App. No. CA98-02-006, unreported. Accord State v.Fraley (Apr. 5, 1999), Preble App. No. CA98-05-006, unreported.
Upon thorough review and consideration of the trial record and the sentencing hearing, we find that the trial court did not abuse its discretion in sentencing appellant to two consecutive prison terms. Accordingly, the trial court's imposition of consecutive sentences was not in error. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant argues that the trial court failed to make the necessary findings before it sentenced him to two terms of five years each for endangering children in violation of R.C. 2929.14(B). Based upon this argument, appellant contends that he should have been sentenced to the shortest term of imprisonment for endangering children.
Once a trial court determines that a prison term is warranted, it must select a definite term from the range available pursuant to R.C. 2929.14(A)(1) through (5). Appellant was convicted on two counts of endangering children, felonies of the second degree. The sentencing range for a second degree felony is a prison term of two to eight years. R.C. 2929.14(A)(2). Pursuant to R.C. 2929.14(B), "if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense * * *." However, a trial court may override this mandate if it "finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B).
This court's review of the trial court's March 3, 1998 judgment entry reveals that the trial court did "fin[d] pursuant to Revised Code 2929.14(B) that the shortest prison term will not adequately protect the public from future crime by [appellant] or others." The judgment entry clearly shows that the trial court did consider the governing statutory provision and did make the finding that the shortest possible sentence would not adequately protect the public from future crime by appellant or others.
However, appellant again argues that the trial court violated R.C. 2929.14(B) by failing to specifically make its findings on the record during the sentencing hearing. While unlike R.C.2929.14(E)(4), R.C. 2929.14(B) specifically uses the words "on the record," we do not believe that R.C. 2929.14(B) requires a trial court "to verbalize its reasons [during the sentencing hearing] for imposing more than a minimum sentence if its reasons are given by other means in the record. * * * While the preferred practice for appellate review is to include the findings required by [R.C.2929.14(B)] to impose a greater than minimum sentence * * * in a written sentencing judgment entry, such findings may be written or orally made on the record so long as they are expressly made."State v. Lugo (6th Dist. Sept. 18, 1998), No. H-97-045, 1998 Ohio App. LEXIS 4337, at *12-13. Only in the total absence of any reasons given, orally or written, for imposing more than the minimum sentence, must a matter be remanded for resentencing.State v. Garcia (Mar. 2, 1998), Clermont App. No. CA97-04-042, unreported.
In the case at bar, the trial court made the necessary findings under R.C. 2929.14(B) in its judgment entry. Accordingly, the trial court's imposition of more than the minimum sentence for felonies of the second degree was not in error. Appellant's second assignment of error is overruled.
Upon thorough review and consideration of the trial record and the sentencing hearing, we find that the trial court did not abuse its discretion in sentencing appellant to two consecutive five-year prison terms for felonies of the second degree. We find that the trial court imposed a sentence that is supported by the evidence and within the statutory guidelines. The trial court's judgment is affirmed.
POWELL, P.J., and VALEN, J., concur.
[1] R.C. 2953.08(A) provides that a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon him on one of the following grounds: (1) when the maximum prison term is imposed; (2) when the sentence is for a fourth or fifth degree felony and the trial court failed to make a finding under R.C. 2929.13(B)(1)(a) through (h); (3) when the sentence is for a sexually violent offense and the person convicted was adjudicated a sexually violent predator; (4) when the sentence is contrary to law; or (5) when an additional ten year term is imposed upon a repeat violent offender.