DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Erie County Court of Common Pleas that granted appellant's motion for shock probation. As a condition of probation, the trial court ordered appellant to pay the judgment rendered in a civil action that arose from the same incident that led to appellant's conviction in this case. For the reasons that follow, the judgment of the trial court is reversed, in part, as to the condition of probation ordering payment of the civil judgment.
Appellant sets forth the following assignment of error:
 "The Trial Court erred in making a condition of Appellant's probation the payment of a $4,109,405.06, Civil Judgment including punitive damages, as a result of a wrongful death claim owed to the victim's family."
The facts that are relevant to the issues raised on appeal are as follows. On May 24, 1996, appellant was convicted of vehicular homicide in violation of R.C. 2903.07, a first-degree misdemeanor and involuntary manslaughter in violation of R.C. 2903.04, an aggravated felony of the third degree, as a result of the death of a young man that occurred when appellant was operating his boat at a high rate of speed in a congested dock area on June 24, 1995. The victim was with his family on their boat when appellant's boat collided with theirs. As a result of the convictions, appellant was sentenced on May 24, 1996 to a term of imprisonment.[1] On March 18, 1999, appellant filed a motion for shock probation which the trial court granted on May 14, 1999. The trial court's judgment entry granting probation contains a condition whereby appellant is to pay, within four years of his release, the civil judgment rendered in the wrongful death and survivorship action that was filed against appellant in the Cuyahoga County Court of Common Pleas by the victim's estate and family.[2]
Appellant now asserts that the trial court erred by making payment of the civil judgment a condition of his probation. Appellant argues in support of this claim that the trial court did not have jurisdiction to make such an order; that payment of a civil judgment that includes punitive damages does not constitute a legitimate restitution order; that the trial court's order violates Article I, Sections 12 and 15, of the Ohio Constitution; and that the order violates the proportionality requirements of theEighth Amendment to the United States Constitution.
First we will address appellee's contention that appellant waived his right to appeal the conditions of his probation because he failed to make objections in the trial court. Our review of the record in this case confirms that appellant did not object to any of the conditions of his probation during the hearing on May 13, 1999.
An error that is waived by failure to object will not be noticed by the court of appeals unless it rises to the level of plain error. Crim.R. 52(B). While Crim.R. 52(B) provides that "* * * plain errors or defects affecting substantial rights may be noticed although they are not brought to the attention of the trial court[,]" notice of plain error must be taken with the utmost caution, under exceptional circumstances, and only in order to prevent a manifest miscarriage of justice. State v. Long
(1978), 53 Ohio St.2d 91. After a thorough review of the record of proceedings in this case, we find for the following reasons that making the payment of the civil judgment a condition of appellant's probation does in fact rise to the level of plain error.
As to the matter of conditions for probation, the version of R.C. 2951.02(C) in effect at the time appellant was sentenced provides:
 "(C) * * * In the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior, the court may impose additional requirements on the offender, including, but not limited to, requiring the offender to make restitution for all or part of the property damage that is caused by the offender's offense * * *." [eff. 11-15-95][3]
The trial court's May 14, 1999 judgment entry granting probation contained the following condition:
 "9. Defendant is to obey and abide by any orders of court in the United States or in Canada including the civil judgment obtained in the Cuyahoga County Common Pleas Court establishing restitution to the victims in this case. Pursuant to said judgment, defendant as a condition of his shock probation and release is to pay to the victims the sum of $500,000.00 within six (6) months of his release and $500,000.00 each and every year thereafter until said judgment is satisfied; provided however that the full amount of said judgment is to be satisfied within four (4) years of defendant's release."
Although R.C. 2951.02(C) as set forth above refers to restitution specifically for property damage, the language of the statute does not forbid other forms of restitution. While the court has discretion to select terms and conditions for probation,State v. Cooper (1983), 8 Ohio App.3d 340, those terms must have some reasonable relationship to the offender's punishment or rehabilitation and they must not impose a burden beyond the offender's practical ability to comply. Brook Park v. Smith (Aug. 14, 1986), Cuyahoga App. No. 51013, unreported. We note that several appeals courts in Ohio have found that a trial court may order a defendant, as a condition of probation, to pay medical expenses and counseling fees as restitution. See, e.g., State v.Shenefield (1997), 122 Ohio App.3d 475 (medical bills); State v. Bruce (1994), 95 Ohio App.3d 169 (medical bills); Statev. Bush (1992), 83 Ohio App.3d 717 (counseling fees); Brook Parkv. Smith, supra (medical expenses). In State v. Bush, supra, the court acknowledged a line of cases that have held that a trial court may not order restitution for the victim's medical expenses as a part of the defendant's sentence, but the court distinguished those cases on the basis that the order of restitution in Bush was clearly a condition of defendant's probation, not his sentence.Bush, supra, at 718.
In the case before us, however, the trial court's order for restitution was not in compliance with R.C. 2951.02. The issue here is not simply whether a trial court can order restitution as a condition of probation; within certain parameters, that can be done. See R.C. 2951.02(B)(9) and (C). The problem herein is two-fold: 1) the record before us does not contain a copy of the civil judgment referred to by the trial court because appellee did not offer it into evidence at the probation hearing and 2) the trial court simply ordered satisfaction of the civil judgment in its entirety without receiving evidence as to the victims' damages. Because the civil judgment referred to by the trial court was not entered into evidence, we are unable to determine whether the trial court's order is in compliance with the version of 2951.02(B) and (C) in effect as of November 15, 1995. The trial court's order does not cite to the law or otherwise acknowledge the parameters of the statute. It is possible, and of concern to this court, that in ordering appellant to satisfy the civil judgment in its entirety as a condition of his probation, the trial court may have ordered him to pay punitive damages and other expenses not allowable under R.C.2951.02. The civil judgment may include damages allowable as restitution in a criminal case as a condition of probation as well as other damages not permitted by statute. We have no way of knowing this since the trial court did not receive evidence as to the victims' damages.
Appellant also claims that the trial court's order violates Article I, Sections 12 and 15 of the Ohio Constitution, as well as the Eighth Amendment to the United States Constitution. Because appellant has not violated any of the conditions of his probation, the issues of whether the trial court's order violates his right not to be imprisoned for a debt in a civil action, his right to be free from corruption of blood, or forfeiture of estate, and his right to be free from excessive bail are not ripe for our consideration.
For the foregoing reasons, appellant's sole assignment of error is found well-taken. Paragraph no. 9 of the May 14, 1999 judgment entry relating to payment of restitution is hereby vacated and this case is remanded to the trial court for a hearing to receive evidence as to the victims' damages and to determine, in accordance with R.C. 2951.02(B) and (C), what amount of restitution, if any, should be ordered as a condition of appellant's probation.
On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed, in part, and reversed, in part. This case is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed to appellee.
 ___________________________ Richard W. Knepper, P.J.
 Melvin L. Resnick, J., Mark L. Pietrykowski, J. JUDGES CONCUR.
[1] This court later found that the trial court had incorrectly sentenced appellant for both vehicular homicide and involuntary manslaughter and remanded the matter for resentencing because they are allied offenses of similar import. See State v.Mastronardi (Dec. 5, 1997), Lucas App. No. E-96-033, unreported. The trial court subsequently resentenced appellant to a period of five to ten years on the conviction for involuntary manslaughter, an aggravated felony of the third degree.
[2] We note that at the time appellant filed his motion for shock probation in March 1999, R.C. 2947.061, the statute providing for shock probation, had been repealed by the enactment of S.B. 2, effective July 1, 1996. R.C. 2929.20, which provides for judicial release, replaced shock probation as an option for persons convicted of involuntary manslaughter. However, because the provisions of S.B. 2, which include judicial release, apply only to offenses committed on or after July 1, 1996, appellant was eligible for shock probation and the trial court properly applied R.C. 2947.061 in this case.
[3] In contrast with R.C. 2951.02 as it presently exists, the version of this statute as quoted herein which was in effect at the time of appellant's sentencing in 1996 did not contain language limiting its application to misdemeanors.