Appellant Kenneth Chuparkoff has appealed from a judgment of the Summit County Common Pleas Court that affirmed a decision of the Ohio Liquor Control Commission. He has argued that the common pleas court: (1) incorrectly affirmed the Ohio Liquor Control Commission's reversal of a decision of the Department of Liquor Control to grant him a liquor license; and (2) failed to state findings to demonstrate that it complied with the requirements of Section 119.12 of the Ohio Revised Code. This Court affirms the judgment of the common pleas court because: (1) it was supported by reliable, probative, and substantial evidence; and (2) since there is no evidence in the record to the contrary, this Court must presume that the court also found that the decision was in accordance with law.
 I.
Mr. Chuparkoff owns a commercial building located at 1436 South Cleveland-Massillon Road in the Copley Circle area of Copley Township, Ohio. He applied to the Department of Liquor Control ("department") for a D-3 liquor permit, which would permit him to sell alcohol for consumption at a restaurant he planned to open and operate in a vacant part of the building. Because the proposed permit site was within 500 feet of a school and a public park, the department could not issue a liquor permit at the site until township representatives were notified and given an opportunity to be heard. See Section4303.26 of the Ohio Revised Code. The Copley Township Trustees objected to issuance of the liquor permit at the proposed site due to its proximity to Copley-Fairlawn Middle School and Copley-Fairlawn Park. Following a hearing, the department issued the D-3 permit, finding that there was insufficient evidence to demonstrate that the permit would adversely impact the local community.
The township trustees appealed the department's decision to the Ohio Liquor Control Commission ("commission"). The commission heard the matter de novo and received testimony and exhibits in opposition to the issuance of the permit. Mr. Chuparkoff presented no evidence. The township conceded that Mr. Chuparkoff was qualified to hold a D-3 liquor permit and that such a permit could be issued at the proposed location. The only contested matter was whether the location of the premises would have an adverse impact on the nearby school, park, or the community at large. Following the hearing, the commission reversed the decision of the department to issue a permit. Mr. Chuparkoff appealed to the Summit County Common Pleas Court pursuant to Section 119.12 of the Ohio Revised Code. After reviewing the record and the briefs of the parties, the court found that there was reliable, probative, and substantial evidence to support the commission's decision and, therefore, affirmed it. Mr. Chuparkoff timely appealed to this Court.
 II. A.
Mr. Chuparkoff's first assignment of error is that the common pleas court incorrectly concluded that the commission's decision was supported by sufficient evidence. The court was permitted to affirm the decision of the commission if, following its review of the record, it found "that the order [was] supported by reliable, probative, and substantial evidence and [was] in accordance with law." Section 119.12 of the Ohio Revised Code. The common pleas court found that there was reliable, probative, and substantial evidence that the commission's decision to deny the liquor permit was justified by Section 4303.29.2(B)(1) of the Ohio Revised Code, which authorizes the department to refuse to issue a liquor permit if it finds:
 That the place for which the permit is sought is so situated with respect to any school, church, library, public playground, or hospital that the operation of the liquor establishment will substantially and adversely affect or interfere with the normal, orderly conduct of the affairs of those facilities or institutions.
Section 4303.26 of the Ohio Revised Code requires that the department provide notice and an opportunity to be heard to any of the entities listed in Section 4303.29.2(B)(1) that are located within 500 feet of a proposed liquor permit site. Those requirements are "expression[s] of proper legislative concern for the welfare of children who in their use of schools, libraries and playgrounds should not be unnecessarily exposed to the sale of intoxicants and the effects which sometimes accompany it." Corwin v. Bd. of Liquor Control (1960), 170 Ohio St. 304,307. The location of the proposed liquor permit premises "can be the only factor to be considered by the department in deciding not to issue a permit under [Section 4303.29.2(B)(1)]." Our Place, Inc. v. Ohio Liquor Control Comm.
(1992), 63 Ohio St.3d 570, 573, fn. 4.
Evidence presented at the hearing before the commission included the testimony of a Copley Township Trustee, the superintendent of Copley-Fairlawn City School District, the principal of Copley-Fairlawn Middle School, and the chief of police, as well as several exhibits. The evidence revealed that Copley-Fairlawn is a growing area and that the increase in traffic in the Copley Circle area is a great concern in the community. According to traffic studies, traffic increased in that area by almost 35 percent between 1993 and 1995. The proposed restaurant site is within 300 feet of the property of Copley-Fairlawn Middle School, which has grown to an enrollment of approximately eight hundred students and is expected to continue growing. Several of the students who walk to and from school would have to walk past the restaurant. There was concern expressed by the witnesses that the students who walk by the site might be endangered by the additional increase in traffic that the restaurant would create. There was particular concern that the patrons would be coming and going frequently throughout the day and that some of them might have consumed alcoholic beverages.
The witnesses also presented evidence that alcohol substance abuse is a problem among Summit County teenagers and that even students within the middle school age group are at risk. The superintendent and principal expressed their belief, based on many years of experience as teachers and administrators, that some students will find adults to buy alcohol for them. This was a concern for not only the students walking home from school, but also the many students of middle school and high school age who use the facilities after school for extracurricular activities. The principal testified that his experience with another school system was that alcohol problems at the school greatly increased after liquor permits were issued to establishments near the school. Concern was also expressed that there was already one restaurant with a liquor permit in the immediate vicinity and that issuing another permit would increase the availability of alcohol to students.
The police chief testified to a negative impact on Copley-Fairlawn Park, which is also within 500 feet of the proposed site. Another restaurant with a liquor license had been operated at Mr. Chuparkoff's proposed site for many years until the early 1990s. The community experienced some problems with patrons buying beer at the restaurant, pouring it into paper cups, and taking it with them to concerts in the park.
Mr. Chuparkoff presented no evidence to contradict any of the township's evidence. On appeal, he has attempted to challenge the probative value and reliability of the evidence by stressing that the evidence was not based on an actual impact, but merely on "possible problems with no factual support." The same argument, based on similar evidence, was raised in OurPlace, Inc. v. Ohio Liquor Control Commission (Apr. 9, 1991), Franklin App. No. 90AP-1055, 1991 WL 54192, unreported. The appellate court reversed the permit denial, holding that substantial interference with the normal conduct of a school could not be demonstrated by people's fears of what might happen, but could only be established with concrete facts. Id.
at *5-6. That decision was reversed, however, by the Ohio Supreme Court in Our Place, Inc. v. Ohio Liquor Control Comm.
(1992), 63 Ohio St.3d 570. Based on evidence that was somewhat weaker and more speculative than the evidence presented in opposition to Mr. Chuparkoff's application, the supreme court found that the commission's decision to deny a liquor permit was supported by reliable, probative, and substantial evidence that issuing a liquor permit at the location would " 'substantially and adversely affect or interfere with the normal, orderly conduct of the affairs' " of the private school and day-care center located within 500 feet of the premises.Id. at 571, quoting Section 4303.29.2(B)(1).
Given that the evidence presented by the Copley Township Trustees was even stronger than the evidence found sufficient by the supreme court in Our Place, this Court must conclude that it was likewise sufficient. The commission had before it reliable, probative, and substantial evidence that issuing the requested liquor permit to Mr. Chuparkoff would "substantially and adversely affect or interfere with the normal, orderly conduct of the affairs" of Copley-Fairlawn Middle School and Copley-Fairlawn Park. Mr. Chuparkoff has failed to demonstrate, therefore, that the common pleas court incorrectly affirmed the reversal of the department's decision to grant him a D-3 liquor permit at that location. His first assignment of error is overruled.
 B.
Mr. Chuparkoff's second assignment of error is that the common pleas court failed to comply with the requirements of Section 119.12 of the Ohio Revised Code for affirming the commission's decision. Specifically, he has asserted that, although the court explicitly found that the commission's decision was "supported by reliable, probative, and substantial evidence," it failed to also state that the commission's decision was "in accordance with law." He has argued that, because the court did not state this finding on the record, it must not have made such a finding. Mr. Chuparkoff has not argued that the commission's decision was not in accordance with law, but only that the common pleas court failed to make the requisite finding.
Mr. Chuparkoff has not cited, nor has this Court found, any authority for his implicit argument that the court was required to state this finding on the record. Although Section 119.12 of the Ohio Revised Code required the court to find, prior to affirming the commission's decision, that the decision was in accordance with law, there is no requirement in the statute that the finding be expressly stated on the record. Consequently, no error is demonstrated by a silent record. SeeState v. Crandall (1983), 9 Ohio App.3d 291, 294. It is the appellant who has the burden to demonstrate that the lower court committed error. Pennant Moldings, Inc. v. C J TruckingCo. (1983), 11 Ohio App.3d 248, 251. Because Mr. Chuparkoff has failed to point to any evidence in the record to the contrary, this Court must presume that the court complied with the requirements of the statute. See, e.g., Carman v. Carman
(1996), 109 Ohio App.3d 698, 705; Inman v. Inman (1995),101 Ohio App.3d 115, 119; State v. Bruce (1994), 95 Ohio App.3d 169,173. Mr. Chuparkoff's second assignment of error is overruled.
 III.
Mr. Chuparkoff's assignments of error are overruled. The judgment of the common pleas court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 -------------------- CLAIR E. DICKINSON FOR THE COURT
BAIRD, P. J., CARR, J., CONCUR