The Washington County Court of Common Pleas convicted appellant Kenneth Goff for gross sexual imposition and sentenced him to the maximum term of five years imprisonment. The appellant assigns a single error for our review:
 "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A MAXIMUM TERM OF FIVE YEARS IMPRISONMENT."
Finding ample support in the record for the appellant's prison sentence, we affirm the judgment of the trial court.
 I.
During the summer of 1997, the appellant became involved in a romantic relationship with Pamela Robinson, who had custody of a seven-year old daughter from a prior marriage. During the course of the relationship, the appellant asked Robinson whether he could touch her daughter in a sexual manner. Robinson refused the appellant's request, but continued to spend time with the appellant.
On several occasions, Robinson and her daughter made overnight visits to the appellant's home. During one such visit in August 1997, Robinson's daughter slept on a couch as Robinson and the appellant lay on the floor beside her. While Robinson and the appellant engaged in sexual conduct on the floor, the appellant reached onto the couch and touched Robinson's daughter on the vaginal area, over the child's underwear. The child awakened and later reported to her mother that the appellant touched her "private parts."
In June 1998, the appellant pled guilty to one count of gross sexual imposition, a third-degree felony in violation of R.C.2907.05(A)(4).[1] The trial court accepted the plea and ordered a pre-sentence investigation report ("PSI") to be prepared prior to the appellant's sentencing hearing. The court also ordered a hearing on whether the appellant should be adjudged a sexual predator, pursuant to R.C. 2950.09(B)(1). As authorized by R.C.2950.09(B)(1), the trial court held the sexual predator determination hearing as part of the sentencing hearing.
At the appellant's sexual predator adjudication hearing, the state presented testimony from Washington County Children Services supervisor Tina White. Ms. White had questioned the appellant in 1996 concerning allegations of sexual abuse involving two young girls with whom the appellant was acquainted. The appellant admitted to Ms. White that he had engaged in sexual activity with the girls, who were between five and seven years of age. The appellant acknowledged that he had abused the girls for approximately two years and admitted that he was sexually aroused by young girls. The appellant also told Ms. White that he had sexually molested a third girl during the same period of time. While admitting that his actions were "wrong," the appellant also told Ms. White that he had problems controlling his feelings toward children. At the time of the hearing, no criminal charges had resulted from the appellant's conduct with these three children.
The state also presented testimony from Leslie Linscott, the probation officer who prepared the PSI in the appellant's case. The PSI revealed that the appellant had never served a prison term. However, the appellant had been convicted for myriad misdemeanor offenses from 1980 through 1997. While some of the offenses resulted in jail time, the appellant never had to serve more than thirty days in jail. Only one of the appellant's prior offenses — a 1997 conviction for contributing to the delinquency of a child — involved sexual activity. In that case, the appellant was sentenced to thirty days jail and two years unsupervised probation for having sexual intercourse with a 17-year old girl on two or three occasions. Ms. Linscott also revealed that the appellant admitted to having sexually touched young girls in the past and admitted needing help for his sexual attraction to young children. Ms. Linscott's investigation also showed that the appellant came from a troubled and dysfunctional family background. The appellant told Ms. Linscott of witnessing sexual activity among members of his family during his childhood.
The state also entered a report prepared by Dr. Lesli K. Johnson, who interviewed the appellant to determine his amenability for a sex offender's treatment program. Dr. Johnson's report revealed much of the same information contained in Ms. White's testimony, Ms. Linscott's testimony, and the PSI. Dr. Johnson's report also stated that the appellant "demonstrated little acceptance of responsibility" for his actions and that he "voiced no concern for the harm he may have caused." Based on her evaluation of the appellant, Dr. Johnson noted that his risk for future sex offenses was "moderate to high" if he did not receive treatment.
The trial court adjudicated the appellant a sexual predator and proceeded to the sentencing phase of the hearing. Although the state recommended a three-year sentence, pursuant to its prior plea agreement with the appellant, the trial court imposed the maximum term of five years. The court stated:
 "I have considered the record, the statements made in open court this day, and especially the victim's father. The [victim's impact statement], the pre-sentence investigation report, and the principles and purposes of sentencing as set forth in [R.C.] 2929.11, and the seriousness and recidivism factors et forth in [R.C.] 2929.12.
* * *
 [T]his court finds, pursuant to [R.C.] 2929.14(B) that the shortest prison term possible will demean the seriousness of this offense. * * * [T]his is a sexual offense toward a minor child of tender years. And the shortest term possible would not adequately protect the public, and therefore, I impose a greater term.
 I also find that Mr. Goff has committed the worst form of this offense. That he poses the greatest likelihood of recidivism, * * * and therefore, give him the maximum term.
* * *
 This is a child that cannot protect itself. * * * [T]his society demands that people abide by certain conduct when they're around children. And I think society has the right to demand that. * * * [T]o give anything less than the maximum [term] would demean that, and expose children to this type of conduct * * * and it [sic] would not adequately protect the public and[,] therefore, I impose the maximum term."
Consistent with the court's comments at the sentencing hearing, the subsequent sentencing entry imposed a five-year prison term, the maximum term for a third-degree felony. In the entry, the court reiterated that the appellant had committed "the worst form of the offense" and that he "poses the greatest likelihood of recidivism." The appellant commenced this appeal.
 II.
The appellant's lone assignment of error challenges the trial court's imposition of the maximum sentence for a third-degree felony. The appellant acknowledges the trial court's express findings that a shorter term would demean the seriousness of the appellant's offense, that the appellant committed the worst form of the offense, and that the appellant was a likely recidivist. However, the appellant argues that the record does not support the court's findings and that he should have been sentenced to the minimum term of one year imprisonment.
An offender who has received a maximum term of imprisonment has a statutory right to appeal the sentence. R.C.2953.08(A)(1)(a). An appellate court may not reverse the sentence unless the court finds, by clear and convincing evidence, that the sentence is unsupported by the record or is contrary to law. R.C. 2953.08(G)(1)(a) and (d). "Clear and convincing evidence" refers to a degree of proof "which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Schiebel (1990), 55 Ohio St.3d 71,74.
When sentencing a felony offender, the trial court must comply with the overriding purposes of sentencing, as outlined in R.C. 2929.11. State v. McConnaughey (Mar. 4, 1998), Athens App. No. 97CA39, unreported. These overriding purposes are: (1) to protect the public from future crime by the offender and others and (2) to punish the offender. R.C. 2929.11(A). To achieve these overriding purposes, the sentencing court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." Id. Further, the trial court must choose a sentence that is commensurate with, and not demeaning to, the seriousness of the offender's conduct and the impact on the victim. R.C. 2929.11(B).
Once a trial court elects to impose a prison sentence, the shortest authorized prison term is presumed to be appropriate if the offender has not previously served a prison term. R.C.2929.14(B). However, the trial court may impose a longer sentence if it finds that the shortest prison term willeither (1) demean the seriousness of the offender's conduct or (2) will not adequately protect the public from future crime.Id. Prior to the enactment of Senate Bill 2, which took effect on July 1, 1996, trial courts had virtually unlimited discretion in choosing a prison sentence within statutory guidelines. See, e.g., State v. Hill (1994), 70 Ohio St.3d 25,29; State v. Bruce (1994), 95 Ohio App.3d 169, 172; Columbus v.Jones (1987), 39 Ohio App.3d 87, 88. Current law continues to vest trial courts with some discretion in choosing an appropriate sentence; however, this discretion is no longer as broad as it was under the former law. State v. Smith (Mar. 17, 1999), Meigs App. No. 98CA02, unreported; State v. Kauff (Nov. 9, 1998), Meigs App. No. 97CA13, unreported. Senate Bill 2 places various controls upon judicial discretion through statutory guidelines stating various purposes, principles, presumptions, and factors the court must consider in making its sentencing determination. State v. Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11, unreported; see, also, State v. Pickford
(Feb. 22, 1999), Jefferson App. No. 97-JE-21, unreported. "Stated another way, the legislature's imposition of standards [in Senate Bill 2] amounts to a statutory definition of abuse of discretion * * * ." State v. Dunwoody, supra. Our review now consists of a factual analysis of four questions:
 (1) Did the trial court consider the statutory factors?
(2) Did the court make the required findings?
 (3) Is there substantial evidence in the record to support those findings?
 (4) Is the trial court's ultimate conclusion clearly erroneous?[2]
Id. (citing Griffin Katz, Ohio Felony Sentencing Law (1998) 495, Section 9.16).
R.C. 2929.14(C) curtails a trial court's authority to impose a maximum term of imprisonment. The statute prohibits a trial court from imposing the maximum term of imprisonment for an offense unless the trial court determines that the offender falls into one of four classifications. State v. Holsinger
(Nov. 20, 1998), Pike App. No. 97CA605, unreported; State v.Kauff, supra. Maximum sentences are reserved for: (1) offenders who have committed the worst forms of the offense; (2) offenders who pose the greatest likelihood of committing future crimes; (3) certain major drug offenders; and (4) certain repeat violent offenders. R.C. 2929.14(C). In this case, the trial court imposed the maximum sentence after finding the first two factors applicable. In determining whether these circumstances exist, the trial court must consider the factors outlined in R.C. 2929.12(B) and (C), which are designed to assess the seriousness of the offense, and the factors outlined in R.C. 2929.12(D) and (E), which assess the likelihood the defendant will commit future crimes. State v. Kauff,supra (citing Griffin Katz, supra, at AC 2929-14-VII, 114). When imposing a maximum sentence, R.C. 2929.19(B)(2)(d) requires the trial court to state its reasons for doing so, on the record, at the sentencing hearing. State v. Lenegar (Feb. 3, 1999), Vinton App. No. 98CA521, unreported. We will uphold a maximum sentence if the court's stated findings are supported by the record. See id.; State v. Rose (Sept. 15, 1997), Clermont App. No. CA96-11-106.
In choosing the maximum prison term in this case, the trial court first found that the minimum term would demean the seriousness of the appellant's offense and that the appellant committed "the worst form of the offense." In analyzing the seriousness of the appellant's conduct, the sentencing court was guided by R.C. 2929.12. This statute states in part:
 "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
* * *
 "(6) The offender's relationship with the victim facilitated the offense.[3]
 "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
 "(1) The victim induced or facilitated the offense.
 "(2) In committing the offense, the offender acted under strong provocation.
 "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
Even though the appellant had not served a prior prison term, the trial court found the minimum sentence of one year inappropriate in this case. The trial court expressly stated that the minimum term would "demean the seriousness of this offense" and that the shortest term "would not adequately protect the public." See R.C. 2929.14(B). The appellant argues that the record does not support the court's finding that he committed the "worst form of the offense" to justify the maximum sentence rather than the minimum. The appellant notes that he touched the victim over her underpants, therefore rendering his conduct "less physically intrusive than much of the sexual activity contemplated in R.C. 2907.05." Further, the appellant argues that he thought the victim was asleep at the time of the offense, showing his lack of intent to cause serious physical or psychological harm to the child. Finally, the appellant contends that his conduct was mitigated by his desire for counseling, his admission that his sexual attraction to children is "wrong," and his troubled childhood. We disagree with the appellant because the record contains adequate support for the court's findings.
The appellant operates on the assumption that there is only one "worst form" of gross sexual imposition and that the appellant's conduct did not constitute whatever "worst form" that is. However, the trial court did not have to find that the appellant committed the worst form of gross sexual imposition. R.C. 2929.14(C) provides for the maximum sentence for "offenders who committed the worst forms of the offense * * *." (Emphasis added.) "This section recognizes that there is not just a single form of any offense that is the worst, but that more than one situation may be one of the worst forms of an offense." State v. Dunwoody, supra. The trial court did not err in finding one of the worst forms of gross sexual imposition in this case. The victim was a seven-year old child, a fact that the trial court emphasized during the sentencing hearing. Moreover, the record showed that the child suffered serious psychological harm as a result of the appellant's touching her. The record revealed that the child was afraid of going out in public for fear of seeing the appellant again and that the victim's school performance had deteriorated significantly since the appellant's offense. Further, the appellant used his relationship with the victim's mother to gain access to the child, motivated by his admitted sexual attraction to young girls. All of these factors provide ample support for the conclusion that the appellant committed one of the worst forms of the offense. Cf. State v. Bowles (Apr. 28, 1998), Franklin App. No. 97APA09-1213, unreported (affirming maximum sentence for gross sexual imposition where defendant touched twelve-year-old girl on vaginal area over her underwear). Notwithstanding the appellant's indication that he did not intend to cause harm to the child and the other mitigating factors presented, we find no clear and convincing evidence that the trial court committed error in its balancing of the R.C. 2929.12(B) and (C) factors. See State v. Kauff, supra
(trial court has discretion in its balancing of R.C. 2929.12
factors to determine the most effective sentence).
Standing alone, the trial court's finding that the appellant committed one of the worst forms of the offense supports its imposition of the maximum prison term. See State v. Kauff,supra; State v. Dunwoody, supra. However, the trial court further justified its imposition of the maximum sentence by finding that the appellant "posed the greatest likelihood of recidivism" and that the shortest possible sentence "would not adequately protect the public." As stated previously, R.C.2929.14(C) allows imposition of a maximum prison term when an offender poses "the greatest likelihood of committing future crimes * * * ." R.C. 2929.12 guides this determination, stating in part:
 "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as indicating that the offender is likely to commit future crimes:
 "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing * * * or under post-release control * * * for an earlier offense.
 "(2) The offender previously was adjudicated a delinquent child * * * or the offender has a history of criminal convictions.
 "(3) The offender was not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child * * * or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 "(5) The offender shows no genuine remorse for the offense.
 "(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 "(4) The offense was committed under circumstances not likely to recur.
 "(5) The offender shows genuine remorse for the offense."
The court is not limited to the R.C. 2929.12(D) and (E) factors in determining whether an offender poses the greatest likelihood of committing future crimes. R.C. 2929.12(D) and (E) expressly allow a court to consider the enumerated factorsand any other factors relevant to achieving the purposes and principles of felony sentencing. State v. Goucher (Dec. 16, 1998), Defiance App. No. 4-98-12, unreported; State v. Hammons
(Dec. 15, 1997), Clermont App. No. CA97-02-007, unreported.
In this case, the appellant argues that the record does not support a conclusion that he is a likely recidivist. The appellant acknowledges his long list of prior criminal convictions, but notes that none of them resulted in a prison term and none of them involved a sex offense. The appellant therefore concludes the trial court erred in finding the appellant a likely recidivist because his record does not show a likelihood of committing future acts of gross sexual imposition. We disagree with the appellant because the record once again supports the trial court's findings.
The record contains considerable detail concerning the pre-sentencing investigation and evaluation of the appellant's sexual interest in young girls. The record provides considerable evidence of the appellant's admissions to acts of sexual contact with other children in the same age group as the victim in this case. During the sexual predator determination hearing, the trial court heard testimony indicating the appellant's problem controlling his sexual desires for young children and that the appellant himself thought he needed help for his desires. The appellant's demonstrated pattern of "abnormal interest in small children of the female sex" led the trial court to adjudicate the appellant as a sexual predator. The factors leading to this determination, in turn, support a maximum sentence in this case. Although the appellant's pattern of sexual interests, his sexual conduct with young children, and his adjudication as a sexual predator do not fit squarely into any of the R.C. 2929.12(D) categories indicating likely recidivism, these were proper factors for the court to consider. All of these factors were relevant considerations in helping the trial court decide the best way to protect the public from future crimes by the appellant, one of the overriding purposes of felony sentencing. R.C. 2929.11(A).
Further, the appellant's contentions that he had never been convicted for a sex offense and had never served a prison term do not affect the propriety of imposing the maximum sentence in this case. Although the appellant's contentions in this regard are true, the appellant's record still reveals a steady stream of convictions for a multitude of criminal offenses occurring between 1980 and 1997, a period covering most of the appellant's adult life.[4] The appellant's criminal history includes five separate theft convictions, two minor drug offenses, various disorderly conduct offenses, at least four alcohol-related convictions, one instance of domestic violence, and a contributing to the delinquency of a child conviction stemming from the appellant's sexual relationship with a 17-year old girl. R.C. 2929.12(D) and (E) do not limit an assessment of an offender's record to certain types of offenses. Rather, the statute explicitly calls for the sentencing court to consider any criminal convictions and determine whether the offender is likely to commit "future crimes" of any kind. While the trial court was primarily concerned with the appellant's likelihood to commit future sex offenses in particular, the lack of any prior sex offenses does not invalidate the court's choice of sentence. The appellant's lengthy criminal record indicates unfavorable responses to the panoply of criminal sanctions previously imposed, indicating a likelihood of committing future crimes. Further, we see nothing wrong with the trial court's apparent conclusion that the appellant posed a great likelihood of committing future sex crimes involving children. The appellant's lengthy criminal history combined with the appellant's problematic sexual attraction to young girls provides support for a determination that the appellant posed a great likelihood of committing another sexual offense.
We overrule the appellant's lone assignment of error. The judgment of the trial court is affirmed.
JUDGMENT AFFIRMED
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Evans, J.:
Concur in Judgment and Opinion.
For the Court
 BY: ___________________________ William H. Harsha, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
[1] Robinson pled guilty to one count of endangering children and was sentenced to thirty days in the Washington County Jail, twenty-seven days suspended.
[2] In conducting this review, we are mindful that, "It was never intended that the court of appeals would substitute its judgment for that of the trial court." Griffin Katz, supra, at 496.
[3] The aggravating factors contained in R.C. 2929.12(B)(3) — (5) are inapplicable here.
[4] The appellant was thirty-seven years old at the time he was sentenced in this case.