OPINION
Defendant-appellant, Mohan Subramanian, appeals the sentence entered against him in the Mahoning County Court of Common Pleas after he pled guilty to the charge of unauthorized use of property.
Appellant was originally charged with engaging in a pattern of corrupt activity, theft, tampering with evidence, and forgery. Pursuant to a Rule 11 agreement he pled guilty to unauthorized use of property, a fourth degree felony. At the sentencing hearing plaintiff-appellee, the State of Ohio, recommended that appellant be placed on community control in accordance with the Rule 11 agreement. Over appellant's objection, the court permitted State Trooper Rick Baron to address the court on behalf of the Bureau of Motor Vehicles, a victim in the case. Trooper Baron requested that appellant be sentenced to the maximum time of incarceration (eighteen months). The court sentenced appellant to twelve months in the Lorain Correctional Facility and ordered him to pay $22,400 in restitution. Appellant seeks relief from this sentence.
Appellant alleges two assignments of error the first of which states:
 "THE COURT BELOW ERRED IN FAILING TO CONSIDER THE STATUTORY CRITERIA OF OHIO REVISED CODE 2929.14(B) OR ANY OTHER SENTENCING SECTIONS OF THE OHIO REVISED CODE WHEN IT SENTENCED THE DEFENDANT-APPELLANT."
Appellant argues that the trial court did not consider the statutory criteria set out in R.C. 2929.14(B), 2929.11, or 2929.12. He asserts that failing to consider the statutory factors is an abuse of discretion. Citing State v. Bruce (1994), 95 Ohio App.3d 169, 172, appellant contends that the sentencing transcript is silent as to the factors and purposes of sentencing and therefore any presumption that the trial court considered these factors is rebutted.
Appellant argues that the trial court imposed a sentence greater than the minimum on him, a first time offender, without finding on the record that the shortest prison term would demean the seriousness of the offense or would not adequately protect the public.
Appellee contends that it is apparent from the transcript that the court considered the requisite factors. However, it concedes that the court failed to find on the record that the shortest prison term would demean the seriousness of the offender's conduct or would fail to adequately protect the public in accordance with R.C. 2929.14(B).
R.C. 2929.14(B) states, in pertinent part:
 "[i]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
Appellant was convicted of unauthorized use of property, a felony of the fourth degree. The possible prison terms for a fourth degree felony are six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. R.C. 2929.14(A)(4). Appellant has never served a prison term. Therefore, if the trial court chose to impose a prison term on appellant, it was required to impose the shortest prison term (six months) unless it found on the record that the shortest prison term would demean the seriousness of appellant's conduct or would not adequately protect the public. State v. Edmunson (1999),86 Ohio St.3d 324, 326. The trial court did not make this finding on the record.
Accordingly, appellant's first assignment of error has merit.
Appellant's second assignment of error states:
 "THE COURT BELOW ERRED WHEN IT ALLOWED OHIO STATE TROOPER RICK BARON TO TESTIFY AND RECOMMEND A SENTENCE INCONSISTENT WITH THE RECOMMENDATION OF THE MAHONING COUNTY PROSECUTOR'S OFFICE."
Appellant had entered into an alleged agreement with the Youngstown Municipal Court to immobilize vehicles for the court. Appellant kept the money from the immobilizations and never turned in the forms to the Bureau of Motor Vehicles, thus depriving the Bureau and/or the City of Youngstown from the funds collected.
Appellant argues that the Bureau of Motor Vehicles was not a victim in this case and therefore Trooper Baron should not have been permitted to address the court as a victim. Also, appellant argues that appellee promised him a recommendation of community control which induced him to plead guilty. He further contends that Trooper Baron represents the State of Ohio and that by allowing him to recommend the maximum prison term, the court allowed the State to evade its Rule 11 agreement.
The trial court has the discretion to allow any other person to present information relevant to the imposition of sentence at the sentencing hearing. R.C. 2929.19(A)(1). Trooper Baron presented information as to how appellant managed to deprive the Bureau of Motor Vehicles of $22,400. He further testified as to the detrimental effect appellant's conduct had on law enforcement's ability to do its job. Trooper Baron also testified about appellant's refusal to help correct the problem he created. The court properly permitted Trooper Baron to testify pursuant to R.C. 2929.19(A)(1). In addition, the court permitted appellant to speak at length to rebut what the trooper presented. Also, the prosecutor at the sentencing hearing recommended that appellant be placed on community control in accordance with the Rule 11 agreement.
Accordingly, appellant's second assignment of error lacks merit.
Based on the merit of appellant's first assignment of error, the sentence of the trial court is vacated and the case is remanded to the trial court for re-sentencing.
VUKOVICH, J., concurs, WAITE, J., concurs