DECISION AND JUDGMENT ENTRY
This is an appeal from a sentencing judgment of the Erie County Court of Common Pleas. The sentencing hearing was held on February 28, 2008. Appellant was sentenced to consecutive sentences of 18 months on each of two felony convictions. For the reasons set forth below, this court reverses the judgment of the trial court and remands for resentencing.
On appeal, appellant sets forth the following sole assignment of error: *Page 2 
"Assignment No. 1:
"THE TRIAL COURT IMPROPERLY WEIGHED THE RECIDIVISM FACTORS SET FORTH IN O.R.C. § 2929.12(D) AND (E)"
The following undisputed facts are relevant to the issues raised on appeal. On January 25, 2008, appellant, Lucio J. Sanchez-Martinez, pled guilty to one amended count of burglary, in violation of R.C. 2911.12(A)(2), a felony of the fourth degree, and one amended count of attempted gross sexual imposition, in violation of R.C. 2907.05(A)(4) and 2923.02(A), a felony of the fourth degree.
The trial court imposed the maximum sentence. In weighing the statutory factors and determining the sentence, the court considered, over objection, an inaccurate police report stating that in 1995, appellant had a prior arrest and conviction in California for burglary. All parties concur that this purported arrest and conviction of appellant did not occur. On February 28, 2008, the trial court sentenced appellant to 18 months of incarceration on each count, to be served consecutively. It is from this sentencing that appellant now appeals.
In his assignment of error, appellant asserts that the trial court erred in considering inaccurate information regarding appellant's prior criminal history in weighing the statutory recidivism factors. In support, appellant argues that the trial court weighed the factors set forth in R.C. 2929.19(D) and (E) based, in part, upon adverse incorrect information and therefore abused its discretion in sentencing appellant. *Page 3 
It is well-settled that a "trial court has broad discretion in sentencing * * * and a reviewing court will not interfere * * * unless the trial court abused its discretion." State v. Yontz (1986),33 Ohio App.3d 342, 343. "However, in exercising its discretion, the trial court must consider the factors set forth in R.C. 2929.12." Id. at 343-344. The Supreme Court of Ohio has determined that an abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In conjunction with the above legal principles, it is well-settled that in exercising its discretion a sentencing court "shall consider the factors set forth in * * * divisions (D) and (E) * * * relating to the likelihood of the offender's recidivism * * *." R.C. 2929.12(A). Furthermore, the Supreme Court of Ohio has determined that "with respect to recidivism factors, a sentencing court is required to consider * * * whether there are previous adjudicated delinquencies or criminal convictions." State v. Foster, 109 Ohio St.3d 1, 14, 2006-Ohio-856, ¶ 40.
The record shows that counsel for appellant expressly stated that appellant had no prior criminal convictions. Significantly, during the sentencing hearing, appellant's counsel objected to the trial court's consideration of an inaccurate police report. The report suggested that appellant received a prior burglary conviction in California. This was not accurate. There was no prior conviction. The trial court overruled the objection without explanation. The record shows that the trial court expressly considered this incorrect information relevant to recidivism in determining appellant's sentence. *Page 4 
The statutory factors set forth in R.C. 2929.12(D) indicate an offender's likelihood to commit future crimes. Conversely, the statutory factors set forth in R.C. 2929.12(E) indicate the likelihood the offender will not commit future crimes. Specifically, R.C. 2929.12(D)(2) provides that the court shall consider whether "the offender has a history of criminal convictions." In addition, R.C. 2929.12(E)(2) provides that the sentencing court shall consider whether "prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense." Failure to properly weigh these competing sentencing factors is an abuse of discretion. City of Columbusv. Jones (1987), 39 Ohio App.3d 87, 89; See, also, State v. Bruce
(1994), 95 Ohio App.3d 169, 172-173.
Appellant asserts that the trial court improperly weighed the R.C. 2929.12(D) and (E) recidivism factors. In support, appellant contends that given its consideration of the inaccurate report, the court mistakenly concluded that appellant exhibited an enhanced propensity to commit future crimes.
It is well-settled that a reviewing court "will not reverse the sentence unless * * * the trial court abused its discretion by failing to consider sentencing factors." State v. Sibert (1994),98 Ohio App.3d 412, 432. This court has carefully reviewed the record. The record demonstrates that the trial court relied upon inaccurate recidivism related information in sentencing appellant. This constituted an abuse of discretion. Appellant's assignment of error is found well-taken. *Page 5 
On consideration whereof, the judgment of the Erie County Court of Common Pleas is reversed and the case is remanded for resentencing. Appellee is ordered to pay costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
 Peter M. Handwork, J, Arlene Singer, J, Thomas J. Osowik, J, CONCUR. *Page 1